# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-80


**PATRICIA ASHMORE**

**VERSUS**

**STEPHEN P. MCBRIDE, ET AL.**


**\*\*\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
PINEVILLE CITY COURT
PARISH OF RAPIDES, NO. 7-0828
HONORABLE J. PHILLIP TERRELL, JR., CITY JUDGE


**\*\*\*\*\*\*\*\*\*\*\*\***


## MICHAEL G. SULLIVAN
## JUDGE


**\*\*\*\*\*\*\*\*\*\*\*\***


Court composed of Oswald A. Decuir, Michael G. Sullivan, Billy Howard Ezell, Judges.


**REVERSED AND RENDERED.**


**Thomas O. Wells**
**Attorney at Law**
**Post Office Box 13438**
**Alexandria, Louisiana 71315**
**(318) 445-4500**
**Counsel for Plaintiff/Appellee:**
**        Patricia Ashmore**

**Michael P. Corry**
**Jason R. Garrot**
**Briney & Foret**
**Post Office Box 51367**
**Lafayette, Louisiana 70505-1367**
**(337) 237-4070**
**Counsel for Defendant/Appellant:**
**        Financial Indemnity Company**

**Mark J. Neal**
**Hudson, Potts & Bernstein**
**Post Office Drawer 3008**
**Monroe, Louisiana 71210-3008**
**(318) 388-4400**
**Counsel for Defendants/Appellees:**
      **USAgencies Casualty Insurance Company**
      **Stephen P. McBride**

**SULLIVAN, Judge.**

Insurer appeals the denial of its motion for summary judgment in which it sought a judgment recognizing that its policy does not provide uninsured motorist (UM) coverage to the plaintiff and the grant of summary judgment in favor of the plaintiff that the policy provides UM coverage to her. We reverse.

*Facts*

Patricia Ashmore filed suit to recover damages for injuries she sustained on July 31, 2007, when the car she was driving which was owned by Patrick O'Neal, was struck from the rear by a car driven by Stephen P. McBride. She sued Mr. McBride and his insurer, USAgencies Casualty Insurance Company (USAgencies). She also sued Financial Indemnity Company (Financial), alleging that a policy of insurance it issued to Mr. O'Neal provided UM coverage to her for the accident.

Financial filed a Motion for Summary Judgment, alleging that it did not provide UM coverage because Mr. O'Neal rejected UM coverage. After a hearing, the trial court issued written reasons denying the motion. Financial filed a Notice of Intention to Apply for Supervisory Writs.

Thereafter, Ms. Ashmore filed a Motion for Summary Judgment, seeking, in part, a judgment declaring that Financial provided UM coverage to her in the amount of the liability limits of its policy. After a hearing, the trial court granted the motion. A judgment was signed on October 2, 2008; the judgment was designated a final judgment as provided in La.Code Civ.P. art. 1915. Financial filed a devolutive appeal, then sought to consolidate its writ application with its appeal. The motion to consolidate was denied on the basis that the grant of summary judgment in favor of Ms. Ashmore might constitute a final judgment which would be appealable.

1

Thereafter, Financial's writ application was denied because the judgment was an appealable judgment, pursuant to La.Code Civ.P. art. 1915(A)(5). *See Ashmore v. McBride*, an unpublished writ opinion bearing docket number 08-1211 (La.App. 3 Cir. 11/7/08).

Financial appeals the denial of its Motion for Summary Judgment and the grant of Ms. Ashmore's Motion for Summary Judgment.

### *Summary Judgment*

Appellate courts review motions for summary judgments de novo to determine whether any genuine issue of material fact exists and whether the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B). The mover bears the initial burden of proof to show that no genuine issue of material fact exists. La.Code Civ.P. art. 966(C)(2).

### *Discussion*

One question is presented for determination herein: is there a genuine issue of material fact as to whether the insurance policy Financial issued to Mr. O'Neal provides UM coverage to Ms. Ashmore. Financial claims that Mr. O'Neal rejected UM coverage by executing a valid UM selection form and selecting the option which provides "I do not want UMBI Coverage." Ms. Ashmore argues that the selection was invalid because the UM selection form does not meet all the requirements established by the Louisiana Insurance Commissioner. Specifically, she asserts that Financial's failure to place the binder number in the space designated on the form for

2

the policy number and its failure to place its name in the lower left corner of the form invalidated Mr. O'Neal's rejection of UM coverage.

Louisiana Revised Statutes 22:1295(1)(a)(i) provides that no policy of automobile liability insurance "shall be delivered or issued for delivery in this state" without uninsured motorist coverage; however, UM coverage "is not applicable when any insured named in the policy either rejects coverage, selects lower limits, or selects economic-only coverage, in the manner provided in Item(1)(a)(ii) of this Section." Subsection (a)(ii) of La.R.S. 22:1295(1)(a) provides that the "rejection, selection of lower limits, or selection of economic-only [UM] coverage shall be made only on a form prescribed by the commissioner of insurance" and that "[a] properly completed and signed form creates a rebuttable presumption that the insured knowingly rejected [UM] coverage."

A bulletin issued by the Commissioner of Insurance provides that the policy number must be indicated in the lower right corner of the selection form, unless a policy number is not available; in that case, "the space for the policy number may be left blank or a binder number may be inserted." Louisiana Insurance Rating Commission Bulletin (LIRC) 98-03.

In *Duncan v. U.S.A.A. Insurance Co.*, 06-363, p. 4 (La. 11/29/06), 950 So.2d 544, 547, the supreme court observed that strong public policy is embodied in the UM coverage statute and that the statute is to be liberally construed, which "requires the statutory exceptions to coverage be interpreted strictly." For these reasons, "the insurer bears the burden of proving any insured named in the policy rejected in writing the coverage equal to bodily injury coverage or selected lower limits." *Id*. Thereafter, the supreme court identified six tasks which must be performed to

3

complete the UM selection form prescribed by the Commissioner of Insurance in order to reject UM coverage:

> [T]he prescribed form involves six tasks: (1) initialing the selection or rejection of coverage chosen; (2) if limits lower than the policy limits are chosen (available in options 2 and 4), then filling in the amount of coverage selected for each person and each accident; (3) printing the name of the named insured or legal representative; (4) signing the name of the named insured or legal representative; (5) filling in the policy number; and (6) filling in the date.

*Id.* at 551. Failure to comply with one of these six tasks results in an invalid rejection of UM coverage. *Id.*

In *Carter v. State Farm Mutual Automobile Insurance Co.*, 07-1294 (La. 10/5/07), 964 So.2d 375, the supreme court granted an insurer's application for writs and granted summary judgment in favor of the insurer that urged it was entitled to summary judgment, although its insured's UM rejection form did not include the policy number, because the policy number did not exist when the rejection form was completed. The court noted that the facts therein were "distinguishable" from the facts in *Duncan*, 950 So.2d 544, "because the Commissioner of Insurance's regulations specifically allow omission of the policy number if it does not exist at the time [the] UM waiver form is completed." *Id.* at 376.

The supreme court later observed in a footnote in *Gray v. American National Property & Casualty Co.,* 07-1670, p. 11 (La. 2/26/08), 977 So.2d 839, 847, with regard to the six tasks identified in *Duncan*, that because "Insurance Commissioner Bulletin LIRC 98-03 provides as follows: 'In the case where a policy number is not available, the space for the policy number may be left blank or a binder number may be inserted,'" only five "tasks" must be completed for a valid UM selection when the policy number is not available.

A policy number did not exist when Mr. O'Neal executed the UM rejection form; therefore, only five tasks had to be completed for a valid UM rejection. *Id. See also, Duncan*, 950 So.2d 544. Pursuant to LIRC 98-03, placement of the binder number on the policy was optional. Reading this provision in conjunction with the supreme court's footnotes in *Duncan,* 950 So.2d 544, and *Gray*, 977 So.2d 839, and its holding in *Carter*, 964 So.2d 375, we conclude that inclusion of the optional binder number in a place other than that provided for a policy number does not invalidate the UM rejection.

Ms. Ashmore also argues that Financial's failure to place its name in the lower left corner of the rejection form resulted in an invalidated rejection. This claim was recently denied by the supreme court in *Gingles v. Dardenne*, 08-2995 (La. 3/13/09), 4 So.3d 799. In *Gingles*, the supreme court held that although a bulletin issued by the Commissioner of Insurance stated that the insurer's name should appear in the lower left corner of the UM selection form, the insurer's failure to put its name in that location did not invalidate the insured's waiver of UM because the form designed by the Commissioner did not include a space for the insurer's name. The court explained:

> It is undisputed that the pertinent designated spaces on the form were filled out. Additionally, the form at issue in these proceedings satisfies all of the requirements of our opinion in *Duncan*. Under these circumstances, we find [the insurer] has established it is entitled to judgment as a matter of law.

*Id.* at 800. Pursuant to the supreme court's holding in *Gingles*, Financial's failure to place its name in the lower left corner of the UM selection form did not invalidate Mr. O'Neal's rejection of UM coverage.

For these reasons, we conclude that Financial has established that Mr. O'Neal validly rejected UM coverage and that it is entitled to summary judgment as requested. This determination means that the insurance policy issued by Financial to Mr. O'Neal does not provide UM coverage to Ms. Ashmore as claimed.

## *Disposition*

The judgments of the trial court are reversed, and summary judgment is granted in favor of Financial Indemnity Company. Ms. Ashmore's claim that its policy of insurance provided UM coverage to her for the accident sued upon herein is dismissed. Costs are assessed to Ms. Ashmore.

**REVERSED AND RENDERED.**