NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-975

WILLA M. MONTGOMERY
VERSUS
USAGENCIES CASUALTY INSURANCE COMPANY, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2009-1939
HONORABLE DURWOOD W. CONQUE, DISTRICT JUDGE

**********

JIMMIE C. PETERS
JUDGE

**********

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Marc T. Amy, Judges.

APPEAL DISMISSED.

Walter K. Jamison, III
Marjorie B. Breaux
Kraft Gatz Lane Benjamin, LLC
600 Jefferson Street, Suite 410
Lafayette, LA 70501
(337) 706-1818
FOR DEFENDANT/APPELLANT:
        National Union Fire Insurance Company of Pittsburgh, PA

Blake R. David
Broussard & David
Post Office Box 3524
Lafayette, LA 70502
(337) 233-2323
FOR PLAINTIFF/APPELLEE:
        Willa M. Montgomery

**Anthony M. Butler**
**Law Office of Anthony M. Butler**
**5420 Corporate Boulevard, Suite 103**
**Baton Rouge, LA 70808**
**(225) 926-1810**
**FOR DEFENDANT/APPELLEE:**
    **USAgencies Casualty Insurance Company**

**PETERS**, **Judge**.

Upon the lodging of this appeal, this court *sua sponte* issued a rule to show cause why the appeal should not be dismissed as having been taken from an improperly designated partial judgment pursuant to *R. J. Messenger, Inc. v. Rosenblum*, 04-1664 (La. 3/2/05), 894 So.2d 1113. The defendant/appellant, National Union Fire Insurance Company of Pittsburgh, PA, filed a response to this court's rule, asserting that the trial court correctly designated the judgment as a final judgment. For the reasons assigned below, we dismiss the appeal.

The instant litigation arises out of a vehicular collision, wherein the plaintiff was a passenger in a vehicle owned by Derrick Corporation. The vehicle in which plaintiff was a passenger was struck by another vehicle driven by defendant, John Bonar. The plaintiff filed suit for damages against Mr. Bonar; USAgencies Casualty Insurance Company, as liability insurance carrier for Mr. Bonar; and the defendant/appellant, National Union, as uninsured/underinsured motorist carrier for Derrick Corporation.

Thereafter, National Union filed a motion for summary judgment seeking a dismissal of the plaintiff's claims against it on the basis that the uninsured/underinsured motorist rejection form was valid. The plaintiff filed a cross-motion for summary judgment seeking a declaration that the uninsured/underinsured motorist rejection form at issue was invalid, and therefore, uninsured/underinsured motorist coverage was in effect at the time of the accident.

Following a hearing, the trial court issued a judgment denying National Union's motion for summary judgment and granting the plaintiff's cross-motion for summary judgment. The judgment also held the following, "The Court finds that there is no just reason for delay[,] and therefore[,] this matter is designated a final

1

judgment for purposes of immediate appeal, pursuant to [La.Code Civ.P. art. 1915(B)]." After judgment was entered, National Union filed a motion for appeal, and the instant appeal was lodged in this court.

In this case, the trial court did not provide express reasons for its order that designated the partial summary judgment as final for appeal purposes. In *Fakier v. State of La., Bd. of Sup'rs for Univ. of La. Sys.*, 08-11, p. 3 (La.App. 3 Cir. 5/28/08), 983 So.2d 1024, 1027, this court set forth the standard of review applicable in this instance as follows:

> The proper standard of review for an order designating a judgment as final and immediately appealable, when the order is accompanied by explicit reasons for the certification, is whether the trial court abused its discretion. However, if the trial court fails to give explicit reasons for the certification, the appellate court should conduct a *de novo* determination of whether the certification was proper. *R.J. Messinger, Inc. v. Rosenblum*, 04-1664 (La. 3/2/05), 894 So.2d 1113.

In *R. J. Messinger*, 894 So.2d 1113, the Louisiana Supreme Court listed the non-exclusive factors for considering whether a partial judgment should be certified as appealable. The factors include:

> 1) The relationship between the adjudicated and unadjudicated claims;
>
> 2) The possibility that the need for review might or might not be mooted by future developments in the trial court;
>
> 3) The possibility that the reviewing court might be obliged to consider the issue a second time; and
>
> 4) Miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Id.* at 1122, *citing Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360 (3d Cir. 1975).

In response to this court's order that appellant show cause why the appeal should not be dismissed, National Union argues that its appeal should be allowed to

2

proceed because the judgment as to which appellate review is being sought was properly certified as a final judgment. In consideration of the factors set forth in *R. J. Messinger*, 894 So.2d 1113, National Union argues that the judgment is dispositive of the issue of whether the National Union policy provides uninsured/underinsured motorist coverage for the plaintiff's claims. National Union contends that the issue raised on appeal is not related to the other claims remaining in this case, that of liability and damages, and will not be raised in connection with the litigation of the remaining issues. National Union argues that this court will not have to reconsider the issue of the validity of the uninsured/underinsured motorist coverage waiver once it is resolved on appeal. National Union also presents argument that it would suffer irreparable economic injury if the instant appeal were dismissed. If National Union's appeal is dismissed, it argues that it will likely be required to make an unconditional tender of the uninsured benefits to the plaintiff, and that, if it tenders the benefits, National Union would not be able to recover the sum paid if this court reversed the trial court at a later date. Finally, National Union argues that the judgment of which review is being sought is, in fact, a final judgment in that it determines liability under La.Code Civ.P. art. 1915(A)(5).

In support of this latter argument, National Union points to this court's ruling in *Ashmore v. McBride*, 09-80 (La.App. 3 Cir. 6/3/09), 11 So.3d 720. We find that this court's opinion in *Ashmore* should not be applied as sought by National Union. In the published opinion, this court was not presented with the issue of whether the judgment therein was appealable. Rather, the mention of La.Code Civ.P. art. 1915(A)(5) was in the context of discussing the prior dismissal of a writ application in that case which had been filed seeking review of the same judgment. Thus, in the published opinion, no mention is made of whether the appealed judgment had also

3

decided liability in favor of the plaintiff, leaving only the issues of damages and insurance coverage. Thus, we find that *Ashmore* is distinguishable from the judgment at issue in the instant appeal as to the appealability of this judgment.

In applying the factors set forth in *R.J. Messinger*, 894 So.2d 1113, to the instant case, we find that a reversal of the judgment *sub judice* will not terminate the entire litigation. The issues of liability and damages remain. Additionally, National Union only owes uninsured/underinsured motorist coverage if the plaintiff is able to establish damages in an amount sufficient to reach the uninsured/underinsured coverage amount. Thus, the judgment as to which review is currently being sought may be rendered moot by future developments in the trial court. For example, if at trial the plaintiff fails to prove damages in an amount sufficient to invoke the uninsured/underinsured motorist coverage, then National Union may never be required to pay any portion of the damage claim.

We find that judicial resources would be unnecessarily expended by the appellate review of the ruling on the cross-motions for summary judgment at this time, considering the possibility of a later appeal involving the adjudication of the remaining claims. Thus, we find that this matter is not ripe for immediate appeal and that the judgment at issue in this case was improperly certified as a final, immediately appealable judgment. Rather, we find that review of this ruling can be made upon the rendition of the final judgment adjudicating all remaining issues in this action. Therefore, we hereby dismiss the instant appeal at National Union's cost.

**APPEAL DISMISSED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.