762 So.2d 1144 (2000)
TENET HEALTHSYSTEMS HOSPITALS, INC. d/b/a Northshore Regional Medical Center
v.
PARISH OF ST. TAMMANY; St. Tammany Parish School Board; St. Tammany Parish Police Jury; the Collector of Sales and Use Taxes for the Parish of St. Tammany; the Treasurer and/or Superintendent of St. Tammany Parish Police Jury; St. Tammany Parish Law Enforcement District.
No. 99 CA 0924.
Court of Appeal of Louisiana, First Circuit.
June 23, 2000.
Rehearing Denied July 31, 2000.
*1145 Margaret Kern, Covington, Counsel for Defendant/Appellant Parish of St. Tammany Sheriff in his capacity as the Collector of Sales and Use Taxes for the Parish of St. Tammany.
Jesse R. Adams, III, New Orleans, Counsel for Plaintiffs/Appellees Tenet HealthSystems Hospitals, Inc. d/b/a Northshore Regional Medical Center.
Before: SHORTESS, C.J., PARRO, and KUHN, JJ.
KUHN, J.
Defendants in this lawsuit are various local government taxing authorities in and for the Parish of St. Tammany ("St. Tammany Parish taxing authorities").[1] On appeal, the Sheriff of St. Tammany Parish, in his capacity as tax collector for the parish, challenges the trial court's determination granting a partial summary judgment in favor of taxpayer, Tenet HealthSystems Hospitals Inc., d/b/a Northshore Regional Medical Center ("Northshore Regional"). The trial court concluded that the exemption from the imposition of the state sales and use tax on medical devices permitted under the provisions of La. R.S. 47:305 D(1)(s) applies to sales and use tax levies by the St. Tammany Parish taxing authorities. We reverse.

FACTUAL AND PROCEDURAL BACKGROUND
On June 18, 1997, Northshore Regional filed a petition for refund of taxes paid under protest naming the St. Tammany Parish taxing authorities as defendants and seeking a refund of $13,477.09 for payment of the sales and use tax imposed on medical devices paid with its April 1997 tax return. The St. Tammany Parish taxing authorities filed an answer on July 8, 1997, generally denying Northshore Regional's allegations. On July 30, 1998, Northshore Regional filed a motion for partial summary judgment, and on September 30, 1998, the St. Tammany Parish taxing authorities filed their own motion for partial summary judgment. After a hearing on both motions, the trial court signed a judgment on December 28, 1998, concluding that the medical device exemption provided for in La. R.S. 47:305 D(1)(s) applied to sales and use taxes levied by local taxing authorities, including those levied by the St. Tammany Parish defendants, and granting partial summary judgment in favor of Northshore Regional. The motion for partial summary judgment urged by the St. Tammany Parish taxing authorities was denied. From that judgment, the St. Tammany Parish taxing authorities devolutively appealed.[2]

ISSUE
The sole issue raised in this appeal is whether the medical device exemption *1146 from the state sales and use tax levies, provided for in La. R.S. 47:305 D(1)(s), applies to the same tax by local taxing authorities, including the St. Tammany Parish defendants.

SUMMARY JUDGMENT
A motion for summary judgment is a procedural device used to avoid a full-scale trial where there is no genuine factual dispute. Sanders v. Ashland Oil, Inc., 96-1751, p. 5 (La.App. 1st Cir.6/20/97), 696 So.2d 1031, 1034, writ denied, 97-1911 (La.10/31/97), 703 So.2d 29. It should only be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 B. A summary judgment may be rendered dispositive of a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of the summary judgment does not dispose of the entire case. La. C.C.P. art. 966 D. In this case, the parties assert, and we agree, that the only issue in contention is a legal determination. Thus, we commence our review with an examination of the provisions of Chapter 2 of Subtitle II of Title 47 of the Louisiana Revised Statutes entitled "Sales Tax."

APPLICABILITY OF EXEMPTION FROM SALES AND USE TAX
Louisiana Revised Statutes 47:305 provides for exemptions from the sales and use tax imposed by Chapter 2. See generally La. R.S. 47:302. Among the various exemptions is one for "medical devices," set forth in Section 305 D(1) which presently states in pertinent part:
The sale at retail, the use, the consumption, the distribution, and the storage to be used or consumed in this state of the following tangible personal property is hereby specifically exempted from the tax imposed by this Chapter:
* * *
(s) Any and all medical devices used exclusively by the patient in the medical treatment of various diseases or administered exclusively to the patient by a physician, nurse, or other health care professional or health care facility in the medical treatment of various diseases under the supervision of and prescribed by a licensed physician.
The parties agree that the medical device exemption in Section 305 D(1)(s) applies to the sales and use tax levied by the state of Louisiana; however, Northshore Regional maintains that the exemption also applies to the sales and use tax levied by local taxing authorities, including the St. Tammany Parish defendants. Because the exemption disallows the imposition of the sales and use tax on certain items enumerated in Section 305, including medical devices as stated in Section 305 D(1)(s), Northshore Regional reasons that it is entitled to a refund of the portion of its May 19, 1997 payment, made under protest, of the sales and use tax levied by the St. Tammany Parish taxing authorities on its sales of medical devices.
The applicability of the enumerated Section 305 exemptions to the sales and use tax levied by local taxing authorities is addressed in Section 305 D(6), which presently[3] states in relevant part:
The exemptions from the state sales and use tax provided in this Subsection in existence as of the effective date of Act 205 of 1978 shall be applicable to any sales and use tax levied by any local governmental subdivision or school board except as otherwise specifically provided in this Subsection. Without determining the validity of any exemptions placed in this Subsection subsequent *1147 to the effective date of Act 205 of 1978, all Acts after the 1991 Regular Session placing an exemption in this Subsection which is applicable to a political subdivision must, to be effective, specifically provide in the title and body of the bill that it is applicable to a political subdivision.
The medical device exemption was placed in Section 305 D by the Louisiana Legislature by Act 901 of 1985 and became effective commencing on September 1, 1985, under the express terms of the legislation. See La. Acts 1985, No. 901, § 2. Under the current provisions of Section 305 D(6), the applicability of the medical device exemption, specifically its application to political subdivisions such as the St. Tammany Parish defendants, has not been determined.
In determining that the levy of the sales and use tax on medical devices by the St. Tammany Parish taxing authorities was exempted under the provisions of Section 305, the trial court examined the language of former Section 305 D(6). When Act 901 of 1985 was enacted, the language in present Section 305 D(6) (formerly Section 305(4)(f)) stated:
The exemptions from the state sales and use tax provided in this [Subsection] shall be applicable to any sales and use tax levied by any local governmental subdivision or school board except as otherwise specifically provided in this [Subsection].
It was this language that Northshore Regional asserts controls the resolution of whether the St. Tammany Parish taxing authorities may impose a sales and use tax on the sale of medical devices.
In support of this assertion, Northshore Regional cites the supreme court's opinion in BP Oil Co. v. Plaquemines Parish Government, 93-1109, p. 14 (La.9/6/94), 651 So.2d 1322, 1331. The BP Oil Co. court stated:
The trial judge thoroughly traced the legislative history of Section 305D(6) and correctly concluded that Section 305D(6)'s extension of exemptions to sales and use taxes levied by local governmental authorities clearly incorporated all of the exemptions listed in Section 305D(1)....
Thus, Northshore Regional urges that because the medical device exemption set forth in Section 305 D(1)(s) is among "all of the exemptions listed in Section 305D(1)," and it does not expressly state that local taxing authorities are excluded from its applicability, it is an exemption which is binding on the St. Tammany Parish defendants.
Northshore Regional's reliance is misplaced. The BP Oil Co. plaintiff taxpayers sought refunds of local sales and use tax payments made for the period between January 1985 through October 1990. In addressing the applicability of the exemption from sales and use taxes of the petroleum refinery by-product coke-on-catalyst under La. R.S. 47:305 D(1)(h), the supreme court examined the language of La. R.S. 47:305 D(6) as it existed during the time period that the plaintiff taxpayers sought refunds, i.e., 1985-1990, which was prior to its amendment by La. Acts 1991, No. 1065, § 1. Because Northshore Regional seeks a refund of sales and use tax payments made in conjunction with its April 1997 tax return, we must examine that version of La. R.S. 47:305 D(6) in effect in April 1997.
Under La. R.S. 47:305 D(6) after its amendment by Act 1065, the exemptions set forth in Section 305 D in existence as of June 29, 1978, the effective date of Act 205 of 1978, applied to any sales and use tax levied by any local taxing authority unless otherwise specifically provided therein. The medical device exemption created by Act 901 of 1985 was not one of those in existence as of June 29, 1978. Therefore, by virtue of La. R.S. 47:305 D(6), the medical device exemption does not apply to any sales and use tax levied by any local taxing authority.
*1148 Moreover, in 1985, when Act 901 was enacted adding the medical device exemption to Section 305, the applicability of the enumerated exemptions to local taxing authorities was specified in La. R.S. 33:2716.1. Act 205 of 1978 amended and reenacted La. R.S. 33:2716.1 and amended La. R.S. 47:302. The amended provisions of La. R.S. 33:2716.1 state in relevant part:
(B) No exemption from the state sales and use tax granted subsequent to the effective date of this Act and granted pursuant to the provisions of Chapters 2 or 2-A of Title 47 of the Louisiana Revised Statutes ... shall be applicable to any sales and use tax levied by any local governmental subdivision or school board unless the state exemption specifically provides that it applies to such sales and use tax levies. In the absence of any such specific application of the state exemption to sales and use tax levies of any governmental subdivision or school board, any state exemption granted after the effective date of this Act [June 29, 1978] and granted pursuant to the provisions of Chapters 2 or 2-A of Title 47 of the Louisiana Revised Statutes ... shall be applicable only to the levy and collection of the state sales and use tax.
We note that the present text of La. R.S. 33:2716.1(B) is that set forth in Act 205 of 1978.
The amendment to La. R.S. 47:302(E) set forth in La. Acts 1978, No. 205, § 2 provided the following pertinent provisions:
No exemption from the state sales and use tax granted after the effective date of this Act [June 29, 1978] and granted pursuant to the provisions of this Chapter or Chapter 2-A of Title 47 of the Louisiana Revised Statutes ... shall be applicable to any sales and use tax levied by any local governmental subdivision or school board unless the state exemption specifically provides that it applies to such sales and use tax levies.
The provisions of La. R.S. 33:2716.1(B) and La. R.S. 47:302(E) in effect when Act 901 of 1985 added the medical device exemption from state sales and use tax, which presently appears in Section 305 D(1)(s), determine whether the state sales and use tax exemption applies to local taxing authorities. Nothing in Section 305 after the effective date of Act 901 specifically provided that the exemption set forth in Section 305 D(1)(s) applied to levies of sales and use taxes by local governmental subdivisions or school boards.
In light of the above analysis, local taxing authorities, including the St. Tammany Parish defendants, are not precluded from imposing sales and use tax levies on the sale of medical devices. Accordingly, we conclude the trial court erred in determining Northshore Regional is exempt from the payment of the sales and use taxes levied on the sale of medical devices by the St. Tammany Parish defendants. Partial summary judgment pleaded for by the St. Tammany Parish taxing authorities is granted. See La. C.C.P. art. 2164.

DECREE
The December 28, 1998 judgment granting a partial summary judgment in favor of plaintiff-appellee, taxpayer Northshore Regional, is reversed.[4] *1149 Concluding that Northshore Regional is not exempt from the payment of the sales and use tax levied on the sale of medical devices by the St. Tammany Parish defendants, partial summary judgment is granted in favor of the St. Tammany Parish taxing authorities. All costs of this appeal are assessed against plaintiff-appellee, taxpayer Tenet HealthSystems Hospitals Inc. d/b/a Northshore Regional Medical Center.
REVERSED.
NOTES
[1] The defendants actually named in this lawsuit are the St. Tammany Parish School Board and its secretary-treasurer, the St. Tammany Parish Police Jury and the Sheriff of St. Tammany Parish in his capacity as tax collector.
[2] Under La. C.C.P. art. 1915(B) (prior to its amendment by La. Acts 1999, No. 1263, § 1, effective January 1, 2000), the granting of a partial summary judgment does not constitute a final judgment. However, because the trial court designated the December 28, 1998 judgment as final, noting that a reversal of its judgment would moot the remaining issues and expressly determining that there was no just reason for the delay, we conclude that our review is proper at this time.
[3] Section 305 D(6) was amended by La. Acts 1991, No. 1065, § 1 to read as it presently does.
[4] On appeal, Northshore Regional urges, in the alternative and for the first time, that the provisions of La. R.S. 47:305 D(1)(s) are unconstitutional under La. Const. Art. VI, sec. 29(D), asserting that the legislature was without authority to enact an exemption which did not uniformly apply to levies of sales and use taxes by the state and political subdivisions. Northshore Regional neither pleaded nor argued the unconstitutionality of the legislature's enactment of the exemption on medical devices by Act 901 of 1985 at the trial court level. The unconstitutionality of a legislative enactment must be pleaded and grounds for the claim particularized. Williams v. State, Dept. of Health and Hospitals, 95-0713, pp. 4-6 (La.1/26/96), 671 So.2d 899, 902. Moreover, it must first be questioned, and a contradictory hearing held, in the trial court. Id.; Paradigm Ins. Co. v. Louisiana Patient's Compensation Fund Oversight Bd., 95-1727, p. 6 n. 10 (La.App. 1st Cir.9/27/96), 680 So.2d 783, 787 n. 10. Thus, Northshore Regional's constitutional challenge is not properly before us in this appeal.