STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

JULIA A. RASHALL

VERSUS

CHARLES K. PENNINGTON, ET AL

************

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT,
PARISH OF AVOYELLES, NO. 2005-8122-A
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

************

JIMMIE C. PETERS
JUDGE

************

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and James T. Genovese, Judges.

REVERSED AND RENDERED.

Chris J. Roy
Attorney at Law
1920 Jackson Street
Alexandria, LA 71301
(318) 767-1114

W. Jay Luneau
Attorney at Law
1239 Jackson Street
Alexandria, LA 71301
(318) 767-1161
COUNSEL FOR PLAINTIFF/APPELLEE:
     Julia Rashall

**Edward E. Rundell**
**Heather M. Mathews**
**Michael J. O'Shee**
**Post Office Box 6118**
**Alexandria, LA 71307-6118**
**(318) 445-6471**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**American Casualty Company of Reading, Pennsylvania**

**Natasha Z. Wilson**
**Tiffany A. Mann Collins**
**Galloway, Johnson, Tompkins, Burr & Smith**
**701 Poydras Street, Suite 4040**
**New Orleans, LA 70139**
**(504) 525-6802**
**COUNSEL FOR INTERVENORS:**
    **IESI Corporation**
    **CNA Insurance Companies**

**PETERS, J.**

The issue before us is whether a policy of automobile insurance issued by American Casualty Company of Reading, Pennsylvania (American Casualty) to IESI Corporation (IESI) provided uninsured/underinsured motorist (UM) coverage to the driver of a vehicle insured under the policy. In granting a partial summary judgment on the issue, the trial court found that the policy did afford UM coverage. For the following reasons, we reverse the trial court judgment and render judgment in favor of American Casualty on the issue.

## DISCUSSION OF THE RECORD

On January 28, 2005, a garbage truck owned by IESI and operated by its employee, Julia Rashall, was struck from the rear by a vehicle owned by Charles K. Pennington and operated by his son, Charles A. Pennington. On July 14, 2005, Ms. Rashall filed suit to recover the damages she sustained in the accident against both Charles K. and Charles A. Pennington, Safeway Insurance Company as Charles K. Pennington's liablity insurer, and American Casualty as IESI's UM carrier.

By a motion for summary judgment filed May 11, 2006, and amended with a supplemental pleading on August 20, 2007, American Casualty sought to be dismissed from the litigation on the basis that its policy did not provide UM coverage to IESI and Ms. Rashall. On May 21, 2007, Ms. Rashall responded to this motion with a summary judgment motion of her own seeking to have the trial court declare that the American Casualty policy did in fact provide UM coverage to her.

The trial court held a hearing on these motions on September 17, 2007, and denied both motions.[1] On October 1, 2007, both American Casualty and Ms. Rashall

_____

[1]The only reference to this hearing in the appellate record is the minute entry of that day which states that both motions for summary judgment were taken up, evidence was adduced, and both motions were denied.

filed pleadings requesting that the trial court reconsider its ruling on the motions for summary judgment. Following a hearing on October 12, 2007, the trial court denied American Casualty's motion for summary judgment and granted partial summary judgment in favor of Ms. Rashall. Thereafter, American Casualty perfected this appeal. In its appeal, American Casualty asserts that the trial court erred as a matter of law in concluding that its policy provided UM coverage for Ms. Rashall's accident and in not dismissing it as a party defendant in the litigation.

**OPINION**

The conditions under which a summary judgment should be granted are well settled:

> A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B). This article was amended in 1996 to provide that "summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action . . . The procedure is favored and shall be construed to accomplish these ends." La.Code Civ.P. art. 966(A)(2).

*Babin v. Winn-Dixie La., Inc.*, 00-78, pp. 3-4 (La. 6/30/00), 764 So.2d 37, 39. Appellate courts review a trial court's grant or denial of a motion for summary judgment under the *de novo* standard of review, using the same criteria that govern the trial court's consideration of whether a summary judgment is appropriate in any given case. *Indep. Fire Ins. Co. v. Sunbeam Corp.*, 99-2181, 99-2257 (La. 2/29/00), 755 So.2d 226.

"In Louisiana, UM coverage is provided for by statute and embodies a strong public policy." *Roger v. Estate of Moulton*, 513 So.2d 1126, 1130 (La.1987). The object of UM insurance is to provide full recovery for automobile accident victims

2

who suffer damages caused by a tortfeasor who is not covered by adequate liability insurance. *Tugwell v. State Farm Ins. Co.*, 609 So.2d 195 (La.1992). Under the UM statute, UM coverage will be read into the policy unless it is validly rejected. *Duncan v. U.S.A.A. Ins. Co.*, 06-363 (La. 11/29/06), 950 So.2d 544.

The matter before us contains no factual disputes, only legal issues. On the day of the accident, American Casualty insured the garbage truck operated by Ms. Rashall. The policy in effect that date was a renewal policy covering the time period from December 31, 2004, through December 31, 2005. In the previous year's policy, an IESI representative executed a valid waiver of UM coverage. However, when renewing the policy for 2004-2005, IESI's representative failed to date the form that requested a waiver of UM coverage.

In asserting that its policy does not provide UM coverage, American Casualty argues that the valid UM rejection for the prior policy period effected a continued rejection of UM coverage in the renewal policy under La.R.S. 22:680. We agree. That statute reads in pertinent part:

> (1)(a)(i)  No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle designed for use on public highways and required to be registered in this state or as provided in this Section unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover nonpunitive damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death resulting therefrom; however, the coverage required under this Section is not applicable when any insured named in the policy either *rejects coverage*, selects lower limits, or selects economic-only coverage, in the manner provided in Item (1)(a)(ii) of this Section. . . . Such coverage *need not be provided in or supplemental to a renewal . . . policy when the named insured has rejected the*

3

*coverage . . . in connection with a policy previously issued to him by the same insurer or any of its affiliates. . . .*

    (ii) *Such rejection . . .* shall be made only on a form prescribed by the commissioner of insurance. . . . *The form* signed by the insured or his legal representative *which initially rejects coverage . . . shall remain valid for the life of the policy and shall not require the completion of a new selection form when a renewal . . . policy is issued to the same named insured by the same insurer or any of its affiliates. An insured may change the original uninsured motorist selection or rejection on a policy at any time during the life of the policy by submitting a new uninsured motorist selection form to the insurer on the form prescribed by the commissioner of insurance.* Any changes to an existing policy, regardless of whether these changes create new coverage, except changes in the limits of liability, do not create a new policy and do not require the completion of new uninsured motorist selection forms. For the purpose of this Section, a new policy shall mean an original contract of insurance which an insured enters into through the completion of an application on the form required by the insurer.

La.R.S. 22:680(1)(a)(i)-(ii)  (emphasis added).

Thus, there is no question that "an initial valid rejection of UM coverage is also valid for renewal, reinstatement, or substitute policies." *Stephenson v. Van Vleit*, 96-1407, p. 12 (La.App. 3 Cir. 4/30/97), 693 So.2d 858, 865, *writ denied*, 97-1431 (La. 9/19/97), 701 So.2d 174. Absent evidence that IESI submitted a new UM selection form to American Casualty as required by La.R.S. 22:680(1)(a)(ii), the original rejection of UM coverage was still valid at the time of Ms. Rashall's accident. In reaching this conclusion, we disagree with Ms. Rashall's argument that when IESI submitted an invalid rejection of UM coverage for the 2004-2005 policy, it effectively revoked the prior rejection. The clear language of La.R.S. 22:680(1)(a)(ii) requires an affirmative act on the part of IESI, i.e., the submission of a new UM selection form to American Casualty "on the form prescribed by the commissioner of insurance." The evidence establishes only that IESI did not properly execute the form reaffirming the original decision to reject UM coverage.

4

We also reject Ms. Rashall's argument that she is a third-party beneficiary of the UM coverage that American Casualty provided to IESI, and that under La.Civ.Code art. 1978, the contract for UM coverage cannot be dissolved without her consent.[2] Application of La.Civ.Code art. 1978 presupposes the existence of an obligation, and the party claiming the benefit of an obligation, including a third-party beneficiary, bears the burden of proving the existence of an obligation. La.Civ.Code art. 1831, *Joseph v. Hosp. Serv. Dist. No. 2 of the Parish of St. Mary*, 05-2364 (La. 10/15/06), 939 So.2d 1206. Because the evidence does not establish the existence of a contract between American Casualty and IESI for UM coverage, Ms. Rashall cannot be a third party beneficiary of a contract for UM coverage.

In its appeal to this court, American Casualty asserts that not only did the trial court err in granting Ms. Rashall summary judgment on the issue of UM coverage, but the trial court also erred in not granting its motion for summary judgment and dismissing Ms. Rashall's claims against it. American Casualty asks us to exercise our power under La.Code Civ.P. art 2164 and render summary judgment in its favor.

We are authorized to, and indeed required to, render a "judgment which is just, legal, and proper upon the record on appeal." La.Code Civ.P. art. 2164. This includes the ability to grant a party's motion for summary judgment when the record before us justifies doing so. *See N. Am. Treatment Sys., Inc. v. Scottsdale Ins. Co.*, 05-81 (La.App. 1 Cir. 8/23/06), 943 So.2d 429, *writs denied*, 06-2918, 06-2803 (La. 2/16/07), 949 So.2d 423, and *Tenet Healthsystems Hosp., Inc. v. Parish of St.*

---

[2]Louisiana Civil Code Article 1978 provides: "A contracting party may stipulate a benefit for a third person called a third party beneficiary. Once the third party has manifested his intention to avail himself of the benefit, the parties may not dissolve the contract by mutual consent without the beneficiary's agreement."

*Tammany,* 99-924 (La.App. 1 Cir. 6/23/00), 762 So.2d 1144, *writ denied*, 00-2518 (La. 11/27/00), 775 So.2d 448.

Ms. Rashall's only claim against American Casualty is based upon the existence of UM coverage under its insurance contract with IESI. Because no UM coverage exists, she has no claim against American Casualty and the trial court erred in granting Ms. Rashall summary judgment relief and in not granting American Casualty summary judgment relief.

## DISPOSITION

We reverse the trial court's grant of partial summary judgment in favor of Julia A. Rashall and grant summary judgment in favor of American Casualty Company of Reading, Pennsylvania, dismissing the claim of Julia A. Rashall against American Casualty Company of Reading, Pennsylvania. We tax all costs of this appeal to Julia A. Rashall.

**REVERSED AND RENDERED.**