# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 09-1056 consolidated with CA 09-1508

### JONATHON GUILLORY

### VERSUS

### PROGRESSIVE SECURITY INS. CO., ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2006-1743
HONORABLE WILFORD D. CARTER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

### JOHN D. SAUNDERS
### JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Marc T. Amy, and Elizabeth A. Pickett, Judges.

**REVERSED AND REMANDED.**

Joseph Richard Pousson Jr.
Plauche', Smith & Nieset
P. O. Box 1705
Lake Charles, LA 70602
(337) 436-0522
Counsel for Defendant Appellee:
Progressive Security Ins. Co.

Kelly Elizabeth Heinen
Attorney at Law
200 W. Congress, Ste 650
Lafayette, LA 70501
(337) 235-5656
Counsel for Intervenor Appellee:
New Hampshire Ins. Co.
Cox Communications, Lafayette

**Matthew Charles Nodier**
**Walsh & Bailey**
**P.O. Box 3157**
**Baton Rouge, LA 70821**
**(225) 383-8649**
**Counsel for Defendant Appellant:**
**American Home Assurance Co.**

**Richard Elliott Wilson**
**Cox, Cox & Filo**
**723 Broad Street**
**Lake Charles, LA 70601**
**(337) 436-6611**
**Counsel for Plaintiff Appellee:**
**Jonathon Guillory**

**Claude P. Devall**
**Newman, Hoffoss & Devall**
**1830 Hodges St.**
**Lake Charles, LA 70601**
**(337) 439-5788**
**Counsel for Plaintiff Appellee:**
**Jonathon Guillory**

**Brendan P. Doherty**
**Gieger, Laborde & Laperouse**
**701 Poydras, Suite 4800**
**New Orleans, LA 70139-4800**
**(504) 561-0400**
**Counsel for Defendant Appellant:**
**American Home Assurance Co.**

**SAUNDERS, Judge.**

Herein, we address whether the trial court was correct in granting summary judgment in favor of the Appellee on the issue of whether uninsured motorist coverage was validly rejected by the insured. For the following reasons, we find that there exists a genuine issue of material fact and that the matter is not appropriate for summary judgment.

**FACTS AND PROCEDURAL HISTORY:**

This appeal arises out of a Motion for Summary Judgment granted by the 14ᵗʰ Judicial District Court in favor of the Appellee, Jonathon Guillory, and against the Appellant, American Home Assurance Company (AHAC). The decision addressed whether the Appellee was owed uninsured motorist coverage through its employer, Cox Communications (Cox), and found that coverage was owed based on the invalidity of a UM rejection form.

The Appellee was seriously injured in an automobile accident in November of 2005, when he was rear ended by another vehicle driven by Yvette Clark. Clark's underlying insurance limits are only $10,000.00–insufficient to cover the substantial medical bills associated with Appellee's injuries. Thus, the question becomes whether the Appellee was entitled to UM coverage through Cox's policy.

AHAC issued an automobile liability insurance policy to Cox with a term of January 1, 2005, to January 1, 2006. The accident occurred during the effective date of this policy. The original policy issued by AHAC to Cox was signed in December of 2002, and covered a term of January 1, 2003, through January 1, 2004. This policy was renewed in 2004 and 2005 with no changes made to the policy limits. UM rejection forms were signed by Cox for both the 2003 policy and the 2005 policy. No policy number was listed on the 2005 form.

The Appellant asserts that if UM coverage was not validly rejected by a Cox representative in January of 2005, the rejection form completed in December of 2002 serves as a valid rejection of UM coverage on the 2005 policy. Appellee argues that both forms are invalid.

Both Appellant and Appellee filed motions for summary judgment. The trial court granted the Appellee's motion. The trial court found that the Appellant was unable to prove that a valid UM rejection form existed at the time of the signing of the form by the Appellee. The Appellant subsequently filed a motion for new trial so that the trial court could reconsider the Appellee's motion for summary judgment. The trial court denied the motion for new trial and again entered a judgment in favor of the Appellee. The Appellant now appeals the summary judgment in favor of the Appellee and requests a summary judgment in its own favor.

**APPELLANT'S ASSIGNMENT OF ERROR:**

The trial court erred in granting summary judgment in favor of the Appellee in light of the fact that Cox knowingly, voluntarily, correctly, and completely rejected UM coverage, and summary judgment should be rendered in favor of the Appellant, dismissing Appellee's claim with prejudice.

**LAW AND DISCUSSION ON THE MERITS:**

Standard of Review

Appellate courts review summary judgments *de novo* under the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Schroeder v. Bd. of Supervisors of La. State Univ.*, 591 So.2d 342 (La.1991). A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with

affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966.

## Discussion

Appellant argues that Appellee validly rejected UM coverage for its 2005-2006 policy term. UM rejection forms were signed by Appellee for both the 2003-2004 and the 2005-2006 terms of the policy. The trial court found, and we agree, that the UM rejection form signed in 2005 was invalid in that it did not list a policy number. Both parties have centered their arguments on the validity of the form signed in December of 2002. This discussion will address the propriety of applying the 2003 rejection form to the 2005-2006 policy and whether the form was validly completed.

"Under Louisiana law, [UM] coverage is provided for by statute and embodies a strong public policy." *A.I.U. Ins. Co. v. Roberts*, 404 So.2d 948, 949 (La.1981). "[T]he requirement of UM coverage is an implied amendment to any automobile liability policy... as UM coverage will be read into the policy unless validly rejected." *Duncan v. U.S.A.A. Ins. Co.*, 06-363 p. 4 (La. 11/29/06), 950 So.2d 544, 547. Louisiana Revised Statutes 22:1295(1)(a)(ii) sets out the requirements for effectuating a valid rejection of such coverage:

> Such rejection, selection of lower limits, or selection of economic-only coverage shall be made only on a form prescribed by the commissioner of insurance. The prescribed form shall be provided by the insurer and signed by the named insured or his legal representative. The form signed by the named insured or his legal representative which initially rejects such coverage, selects lower limits, or selects economic-only coverage shall be conclusively presumed to become a part of the policy or contract when issued and delivered, irrespective of whether physically attached thereto. A properly completed and signed form creates a rebuttable presumption that the insured knowingly rejected coverage, selected a lower limit, or selected economic-only coverage. The form signed by the insured or his legal representative which initially rejects coverage, selects lower limits, or selects economic-only coverage shall remain valid for the life of the policy and shall not require the

-3-

completion of a new selection form when a renewal, reinstatement, substitute, or amended policy is issued to the same named insured by the same insurer or any of its affiliates. An insured may change the original uninsured motorist selection or rejection on a policy at any time during the life of the policy by submitting a new uninsured motorist selection form to the insurer on the form prescribed by the commissioner of insurance. Any changes to an existing policy, regardless of whether these changes create new coverage, except changes in the limits of liability, do not create a new policy and do not require the completion of new uninsured motorist selection forms. For the purpose of this Section, a new policy shall mean an original contract of insurance which an insured enters into through the completion of an application on the form required by the insurer.

The Supreme Court of Louisiana in *Duncan* took the requirements a step further in stating that the insurance commissioner's form requires six tasks, which are pertinent in rejecting UM coverage. *Duncan*, 950 So.2d 544.

> Essentially, the prescribed form involves six tasks: (1) initialing the selection or rejection of coverage chosen; (2) if limits lower than the policy limits are chosen (available in options 2 and 4), then filling in the amount of coverage selected for each person and each accident; (3) printing the name of the named insured or legal representative; (4) signing the name of the named insured or legal representative; (5) *filling in the policy number*; and (6) filling in the date.

*Id*. at 551 (emphasis added).

In the current matter, there is little question that the insured, i.e. the Appellee, by way of its employer, intended to reject UM coverage. However, Louisiana law has been clear on the subject that the intent of the parties to reject UM coverage is secondary to a strict adherence to the regulations set out by the legislature and by the supreme court in *Duncan*. "The expression of a desire not to have UM coverage, however clear, does not necessarily constitute a valid rejection if the expression of rejection does not meet the formal requirements of law." *Cohn v. State Farm Mut. Auto. Ins. Co.*, 03-2820, p. 4 (La.App. 1 Cir. 02/11/05), 895 So.2d 600, 602, *writ denied*, 05-1000 (La. 6/17/05), 904 So.2d 705.

With that in mind, we must look deeper and determine whether the 2003 rejection form is applicable to the current policy and whether it was in compliance with the formal requirements of law.

On the first issue, a simple reading of *Rashall v. Pennington*, 08-0001 (La.App 3 Cir. 4/30/08), 982 So.2d 301, *writ denied*, 08-1543 (La. 10/10/08), 993 So.2d 1286, and La.R.S. 22:1295(1)(a)(ii) tells us that a validly completed UM rejection form remains effective for the life of the policy and that no new form need be completed unless a new policy is formed.

> The form signed by the insured or his legal representative which initially rejects coverage, selects lower limits, or selects economic-only coverage shall remain valid for the life of the policy and shall not require the completion of a new selection form when a renewal, reinstatement, substitute, or amended policy is issued to the same named insured by the same insurer or any of its affiliates.

*Id.*

The statute goes on to explain what constitutes a new policy such that a newly completed and signed UM rejection form would be necessary:

> Any changes to an existing policy, regardless of whether these changes create new coverage, except changes in the limits of liability, do not create a new policy and do not require the completion of new uninsured motorist selection forms. For the purpose of this Section, a new policy shall mean an original contract of insurance which an insured enters into through the completion of an application on the form required by the insurer.

*Id*.

In *Rashall*, an automobile accident occurred on January 28, 2005. The policy in effect on the date of the accident was a renewal policy covering the term of December 31, 2004, through December 31, 2005. When the policy had been renewed, a newly created UM rejection form was executed. However, the insured's representative failed to date the form. The insured then attempted to make a claim on

the policy arguing that his invalid rejection of UM coverage on the renewal policy effectively revoked a prior valid rejection. This court rejected that argument and held that the prior effected valid rejection form continued rejection of UM coverage through the renewal policy absent an affirmative act by the insured to create a new policy or to select UM coverage on the form prescribed by the commissioner of insurance.

In the current matter, the parties and record are clear that no changes were made to limits of liability under the policy. Accordingly, no new policy was created between the Appellant and the Appellee between the signing of the 2003 form and the start of the 2005-2006 policy term. For that reason, this court finds that it is clear that the 2003 form, if validly completed and signed, would be applicable to the policy in place at the time of the accident at issue and would continue the waiver of UM coverage.

Our attention now turns to the validity of the 2003 UM rejection form. We note that in making its decision to grant summary judgment, the trial court addressed, in part, the fact that the 2003 form did not display the name of the insurer. On that point, the trial court relied on this court's decision in the case of *Gingles v. Dardenne*, 08-448 (La.App. 3 Cir. 11/26/08), 998 So.2d 795, *writ granted, judgment reversed by*, 08-2995 (La. 3/13/09), 4 So.3d 799. In *Gingles*, we found that a UM rejection form that did not contain the name of the insurer was an invalid waiver of UM coverage. That ruling was subsequently reversed by the supreme court. *Gingles v. Dardenne*, 08-2995 (La. 3/13/09), 4 So.3d 799. Therefore, we will not address the absence of the insurer's name on the form in this discussion.

As has been stated above, our legislature and our supreme court in *Duncan*

have laid out the formal requirements which must be satisfied in order to validly reject or waive UM coverage. Among them is the requirement that the UM rejection form must display the insurance policy number.

It is the contention of the Appellee that the policy number was not present on the 2003 UM rejection form at the time that it was signed by the insured's agent, Shelia Clinton, on December 31, 2002.

The Appellant denies that the policy number was not there. Furthermore, it asserts that even if the policy number was absent, it would only have been missing because the policy number wasn't yet available. The supreme court, in *Carter v. State Farm Mutual Automobile Insurance Co.*, 07-1294 (La. 10/5/07), 964 So.2d 375, noted that the Commissioner of Insurance's regulations allow for the omission of a policy number on a UM waiver form if that policy number does not exist at the time the form is completed. Linda Smith, an account executive for A.J. Gallagher (an insurance brokerage firm), who has handled the Cox account on behalf of the Appellant for the last fifteen years, stated in her deposition that the policy number for a UM rejection form signed on December 31 would have been available at the time of signing.

On this appeal from a grant of summary judgment, both parties are arguing, and the case turns upon, whether the policy number existed at the time the UM rejection form was signed by Shelia Clinton. As it stands, the record is devoid of information that would permit this court to make little more than an educated guess as to the policy number's existence. For that reason, we find that there is clearly a genuine issue of material fact present in this matter.

At the time of the trial court's ruling, summary judgment was a proper vehicle

in that this court's *Gingles* decision still stood. However, it seems that the change in the law has taken this case out of the realm of summary judgment. Accordingly, we reverse and remand the trial court's ruling granting summary judgment in favor of the Appellee. Moreover, we reject the Appellant's request that summary judgment be granted in its favor.

**CONCLUSION**:

For the foregoing reasons, we find that a genuine issue of material fact exists in the matter before us. Accordingly, we reverse and remand the trial court's grant of summary judgment in favor of the Appellee, and we reject the Appellant's request for summary judgment in its favor. Costs of this appeal are assessed equally to the Appellant and Appellee.

**REVERSED AND REMANDED.**