NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

16-846


DUSTY COLLETTE, ET AL.

VERSUS

DANIELLE W. ALLEN, ET AL.


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20153367
HONORABLE EDWARD B. BROUSSARD, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Marc T. Amy, Judges.


AFFIRMED.

**John Avender London  III**
**Attorney at Law**
**10988 N. Harrell's Ferry, #18A**
**Baton Rouge, LA 70816**
**(225) 275-8100**
**COUNSEL FOR DEFENDANT/APPELLEE:**
        **LUBA Casualty Insurance Company, Inc.**

**Connell L. Archey**
**Keith J. Fernandez**
**Kantrow, Spaht, Weaver & Blitzer, APLC**
**Post Office Box 2997**
**Baton Rouge, LA 70821-2997**
**(225) 383-4703**
**COUNSEL FOR DEFENDANT/APPELLEE:**
        **National Trust Insurance Company.**

**Staci Knox Villemarette**
**Cloyd, Wimberly and Villemarette, LLC**
**P. O. Box 53951**
**Lafayette, LA 70505-3951**
**(337) 289-6906**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
        **State Farm Mutual Automobile Insurance Company**
        **Danielle W. Allen**

**Chaz H. Roberts**
**Bradley Aldrich**
**Chaz Roberts Law**
**100 Magnate Drive, Suite A1**
**Lafayette, LA 70508**
**(337) 504-3202**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
        **Dusty Collette**
        **Ashley Collette**

**SAUNDERS, Judge.**

This case addresses whether uninsured motorist (UM) coverage was validly rejected when the company name and policy numbers were put into the wrong boxes on a form prescribed by the commissioner of insurance.

For the following reasons, we affirm the trial court's granting of summary judgment.

**FACTS AND PROCEDURAL HISTORY:**

On September 8, 2014, Dusty Collette, hereinafter "Plaintiff" or "Appellee," was involved in an automobile collision in Lafayette, Louisiana while driving a freightliner truck leased by his employer, M&M Sales Co., Inc., hereinafter "M&M." Danielle Allen made a left-hand turn in front of Plaintiff's truck, and Plaintiff was unable to stop in time before colliding with Defendant. Plaintiff and his wife, individually and in their capacities as tutors of their minor children, filed suit against Defendant and her insurer, State Farm Mutual Automobile Insurance Company, hereinafter collectively with Danielle Allen as "Defendants" or "Appellants."

On November 24, 2015, Plaintiffs were granted leave to file a First Amended Petition naming National Trust Insurance Company as an additional defendant on the belief that Plaintiffs' damages exceeded Defendant's policy with State Farm and could be covered under UM coverage under Plaintiffs' policy with his employer, M&M Sales Co., Inc.

Charles McMath, hereinafter "Mr. McMath," is the president and owner of M&M and was authorized to obtain insurance for M&M. In 2014, Mr. McMath contacted Ryan Marine, hereinafter "Mr. Marine," with Regions Insurance Group. After meeting and discussing several options, Mr. Marine sent an Accord insurance application to FCCI Insurance Group to obtain a quote for a commercial

automobile policy for M&M. A quote was sent back to Mr. Marine with the number QUA0133730 on behalf of National Trust, a member of the FCCI Insurance Group. The quote included a UM waiver form. Plaintiff's truck is on the vehicle schedule included with the quote.

On May 13, 2014, Mr. McMath completed the UM waiver form with the quote number QUA0133730 referenced in the "Policy Number" box of the form. Mr. McMath signed his name, printed his name, and dated the form. He also initialed Option 4 of the form which states, "I do not want UMBI coverage. I understand that I will not be compensated through UMBI coverage for losses arising from an accident caused by an uninsured/underinsured motorist." The form signed by Mr. McMath is the same form found in Bulletin No. 08-02 whereby the Louisiana Commissioner of Insurance issued the "Uninsured/Underinsured Motorist Bodily Injury Coverage Form" dated August 29, 2008.

The UM waiver form, along with the acceptance of the quote, was sent back to FCCI Insurance Group, and on May 15, 2014, National Trust issued a business automobile policy with the number of CA0027054 to M&M. During the discovery process, a certified copy of this policy was requested and issued to M&M along with a blank *pro forma* UM rejection form.

On May 18, 2016, National Trust filed a Motion for Summary Judgment on the basis that UM coverage was waived by M&M and also that National Trust did not provide UM coverage for the accident that forms the basis of the plaintiffs' action. On June 20, 2016, the trial court granted the Motion for Summary Judgment and found there was no UM coverage. The judgment was signed on July 6, 2016, dismissing all claims by Plaintiffs against National Trust with prejudice.

On July 20, 2016, State Farm filed for a devolutive appeal to appeal the judgment signed on July 6, 2016, and on July 28, 2016, the trial court signed an order granting the devolutive appeal. Appellants allege one assignment of error.

## ASSIGNMENT OF ERROR:

Whether the trial court erred in granting the Motion for Summary Judgment filed by National Trust Insurance Company.

## DISCUSSION OF THE MERITS:

### Standard of Review

Appellate courts review summary judgments *de novo* under the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Schroeder v. Bd. of Supervisors of La. State Univ.,* 591 So.2d 342 (La.1991).

### Discussion

Appellants argue that the completed UM waiver form does not comply with the requirements of law and does not validly reject UM coverage because the company name and quote number in lieu of the policy number are in the incorrect boxes.

"Under Louisiana law, [UM] coverage is provided for by statute and embodies a strong public policy." *A.I.U. Ins. Co. v. Roberts,* 404 So.2d 948, 949 (La.1981). "[T]he requirement of UM coverage is an implied amendment to any automobile liability policy ... as UM coverage will be read into the policy unless validly rejected." *Duncan v. U.S.A.A. Ins. Co.,* 06–363 p. 4 (La. 11/29/06), 950 So.2d 544, 547. Louisiana Revised Statutes 22:1295(1)(a)(ii) sets out the requirements for effectuating a valid rejection of such coverage:

> Such rejection, selection of lower limits, or selection of economic-only coverage shall be made only on a form prescribed by the commissioner of insurance. The prescribed form shall be provided

by the insurer and signed by the named insured or his legal representative. The form signed by the named insured or his legal representative which initially rejects such coverage, selects lower limits, or selects economic-only coverage shall be conclusively presumed to become a part of the policy or contract when issued and delivered, irrespective of whether physically attached thereto. A properly completed and signed form creates a rebuttable presumption that the insured knowingly rejected coverage, selected a lower limit, or selected economic-only coverage. The form signed by the insured or his legal representative which initially rejects coverage, selects lower limits, or selects economic-only coverage shall remain valid for the life of the policy and shall not require the completion of a new selection form when a renewal, reinstatement, substitute, or amended policy is issued to the same named insured by the same insurer or any of its affiliates. An insured may change the original uninsured motorist selection or rejection on a policy at any time during the life of the policy by submitting a new uninsured motorist selection form to the insurer on the form prescribed by the commissioner of insurance. Any changes to an existing policy, regardless of whether these changes create new coverage, except changes in the limits of liability, do not create a new policy and do not require the completion of new uninsured motorist selection forms. For the purpose of this Section, a new policy shall mean an original contract of insurance which an insured enters into through the completion of an application on the form required by the insurer.

The Supreme Court of Louisiana in *Duncan* took the requirements a step further in stating that the insurance commissioner's form requires six tasks, which are pertinent in rejecting UM coverage.

> Essentially, the prescribed form involves six tasks: (1) initialing the selection or rejection of coverage chosen; (2) if limits lower than the policy limits are chosen (available in options 2 and 4), then filling in the amount of coverage selected for each person and each accident; (3) printing the name of the named insured or legal representative; (4) signing the name of the named insured or legal representative; (5) *filling in the policy number;* and (6) filling in the date.

*Duncan*, 950 So.2d . at 551 (emphasis added).

Failure to comply with one of these six tasks results in an invalid rejection of UM coverage. *Id.*

The rules from La.R.S. 22:1295 and *Duncan* are to be applied strictly. *Molbert v. Thomas*, 09-363 (La.App. 3 Cir. 10/7/09). "The expression of a desire not to have UM coverage, however clear, does not necessarily constitute a valid

rejection if the expression of rejection does not meet the formal requirements of law." *Cohn v. State Farm Mut. Auto. Ins. Co.,* 03-2820, p. 4 (La.App. 1 Cir. 02/11/05), 895 So.2d 600, 602, *writ denied*, 05-1000 (La.6/17/05), 904 So.2d 705.

The UM waiver form completed by M&M's president, Mr. McMath, meets all of the *Duncan* requirements: Mr. McMath initialed the option on the form that rejected UM coverage; Mr. McMath did not need to fulfill second requirement since he was not lowering policy limits; Mr. McMath signed and printed his name on the appropriate lines on the form as M&M's legal representative; the date was provided on the form; and a quote number was provided in lieu of a policy number on the form.

As has been stated above, our legislature and our supreme court in *Duncan* have laid out the formal requirements which must be satisfied in order to validly reject or waive UM coverage. Among them is the requirement that the UM rejection form must display the insurance policy number. *Guillory v. Progressive Sec. Ins. Co.*, 09-1056 (La.App. 3 Cir. 10/6/10), 47 So.3d 12, *writ denied,* 10-2419 (La. 12/17/10), 51 So.3d 11, *writ denied*, 10-2519 (La. 12/17/10), 51 So.3d 7.

The supreme court, in *Carter v. State Farm Mutual Automobile Insurance Co.,* 07-1294 (La. 10/5/07), 964 So.2d 375, noted that the Commissioner of Insurance's regulations allow for the omission of a policy number on a UM waiver form if that policy number does not exist at the time the form is completed.

In *Ashmore v. McBride*, 09-80 (La.App. 3 Cir. 6/3/09), 11 So.3d 720, 723, this court applied the supreme court's footnote in *Gray v. American Nat'l Prop. & Casualty Co.*, with regard to the six tasks identified in *Duncan,* which stated, in pertinent part:

[B]ecause "Insurance Commissioner Bulletin LIRC 98–03 provides as follows: 'In the case where a policy number is not available, the space for the policy number may be left blank or a binder number may be inserted . . . only five "tasks" must be completed for a valid UM selection when the policy number is not available.

*Gray v. American Nat'l Prop. & Cas. Co.*, 07–1670, p. 11 (La.2/26/08), 977 So.2d 839, 847 n.2.

Here, National Trust provided to M&M the quote number QUA0133730, which was accepted, and prompted the issuance of the policy number CA0027054 two days later. Accordingly, the policy number requirement enumerated by *Duncan* is satisfied. The supreme court held in *Gingles v. Dardenne*, 08-2995, p. 2 (La. 3/13/09), 4 So.3d 800 that a rejection form is valid if all the pertinent designated spaces on the form are "filled out." Accordingly, we find no merit to Appellants' argument regarding the misplaced information on the UM waiver form.

Appellants contends that the blank *pro forma* form produced in conjunction with the printing of the certified copy of the policy results in a revocation of M&M's election to waive UM coverage and thus creates a genuine issue of material fact. We find this contention without merit. The undisputed evidence presented before the court remains that there is only one waiver form and that the blank *pro forma* form prints automatically when a certified copy of the policy is requested to show that UM coverage was rejected.

As set forth above, La. R.S. 22:1295(1)(a)(ii) provides, in pertinent part:

> Such rejection, selection of lower limits, or selection of economic-only coverage shall be made only on a form prescribed by the commissioner of insurance. The prescribed form shall be provided by the insurer and signed by the named insured or his legal representative. The form signed by the named insured or his legal representative which initially rejects such coverage, selects lower limits, or selects economic-only coverage shall be conclusively presumed to become a part of the policy or contract when issued and delivered, irrespective of whether physically attached thereto. A properly completed and signed form creates a rebuttable presumption that the insured knowingly rejected coverage, selected a lower limit,

or selected economic-only coverage. The form signed by the insured or his legal representative which initially rejects coverage, selects lower limits, or selects economic-only coverage shall remain valid for the life of the policy and shall not require the completion of a new selection form when a renewal, reinstatement, substitute, or amended policy is issued to the same named insured by the same insurer or any of its affiliates. An insured may change the original uninsured motorist selection or rejection on a policy at any time during the life of the policy by submitting a new uninsured motorist selection form to the insurer on the form prescribed by the commissioner of insurance.

The UM waiver form completed and signed by Mr. McMath stated:

The choice indicated and initialed on this form will apply to all persons and/or entities insured under this policy. The choice shall apply to the motor vehicles described in this policy and to any replacement vehicles, to all renewals of this policy, and to all reinstatement, substitute or amended policies until a written request is made for a change to the Bodily Injury Liability Limits, the UMBI limits or UMBI Coverage.

There is no evidence from the record that Mr. McMath submitted a new UM selection form. The affidavit of Crystal Baer, which is also a point of contention for Appellants to be discussed below, clearly explains the process of why an unsigned, blank *pro forma* waiver form prints along with a certified copy of the policy. The testimony from this affidavit states, in pertinent part:

Whenever the certified copy is requested and printed, the UM rejected form is printed as part of the policy to show that UM coverages were rejected and that the policy does not provide UM coverages.

We agree with Appellee and the trial court that even if this blank *pro forma* waiver was relevant to the case at hand, jurisprudence holds that a subsequent, invalidly executed UM waiver form does not invalidate a previous, properly executed UM waiver form. *McElroy v. Cont'l Cas. Co.*, 43,868 (La.App. 2 Cir. 6/24/09); 15 So.3d 377. We find Appellants contention regarding the blank *pro forma* form is without merit.

Appellants' last contention objects to the affidavit of Crystal Baer, the underwriter with FCCI who worked with Mr. Marine on M&M's insurance quote.

Appellants argue that this affidavit is hearsay testimony. We find this contention to be without merit.

Louisiana Code of Civil Procedure 967(A) provides:

> [s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein . . . Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

Baer's affidavit sets forth her own personal knowledge based on her work with the original Accord insurance application sent by Mr. Marine. She personally sent the UM waiver form bearing the quote number QUA0133730 and also received the completed form in return, which allowed her to issue the CA0027054 policy to M&M two days later. This document was properly sworn, authenticated, attached, and considered by the trial court. Thus, we find no merit in this contention.

We find there is no genuine issue of material fact as to whether the executed UM waiver form complied with all applicable Duncan requirements, and as such, the trial court's decision should be affirmed.

**DISPOSITION:**

Appellants, Danielle Allen and State Farm Insurance, raised one assignment of error. For the foregoing reasons, we find no merit in these assertions. Therefore, we affirm the trial court's judgment granting National Trust's Motion for Summary Judgment. All costs associated with this appeal are assessed to Appellants

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules– Courts of Appeal, Rule 2–16.3.