Judgment rendered November 16, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,766-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

DONNIE MCMANUS                          Plaintiff-Appellant

versus

SAFEWAY INSURANCE                       Defendants-Appellees
COMPANY OF LOUISIANA,
BRITTANIE PARROTT and
SAFECO INSURANCE
COMPANY OF OREGON

* * * * *

Appealed from the
Fourth Judicial District Court for the
Parish of Ouachita, Louisiana
Trial Court No. 2019-2428

Honorable Robert C. Johnson, Judge

* * * * *

LAW OFFICES OF STREET & STREET          Counsel for Appellant
By: Curtis Daniel Street

PIPES | MILES | BECKMAN, LLC            Counsel for Appellee,
By: Rachel S. Kellogg                   Safeco Insurance
    H. Minor Pipes, III                 Company of Oregon

* * * * *

Before PITMAN, STONE, and ROBINSON, JJ.

**STONE, J.**

This civil appeal arises from the Fourth Judicial District Court, the Honorable Robert C. Johnson presiding. Donnie McManus ("plaintiff") suffered injuries in a vehicular collision. The plaintiff sued the other driver, Brittanie Parrot ("Parrot"), and her liability insurer, Safeway Insurance Company of Louisiana ("Safeway"). Parrot's policy with Safeway was limited to $15,000 per person for automobile liability insurance coverage. The plaintiff settled with Safeway and Parrot.

The plaintiff also sued his insurer, Safeco Insurance Company of Oregon ("Safeco") to recover uninsured/underinsured motorist coverage under the policy because Parrot's liability coverage was insufficient to fully compensate his damages. Pursuant to a selection of lower limits executed by the insured's wife, the Safeco policy's UM coverage initially had limits of $10,000 per person and $20,000 per accident, but those limits had been statutorily increased to $15,000 and $30,000, respectively, by the time of the accident. It is undisputed that the Safeco policy continuously renewed from 2009 until the date of the accident without any changes to the limits of liability except for the statutory increase in minimum liability coverage.

Safeco paid $15,000 on the plaintiff's UM claim, but refused to pay more based on the aforementioned coverage selection. Thereafter, the plaintiff and Safeco filed cross motions for summary judgment regarding the applicable UM coverage limit; the trial court denied the plaintiff's MSJ, and granted Safeco's partial MSJ, which contended that the plaintiff's wife's selection of coverage limits is valid and

enforceable.[1]  The plaintiff now appeals, urging that: (1) his wife's selection of lower coverage limits in obtaining the initial UM policy was rendered ineffective – regarding the current policy – by the subsequent change in the law, and therefore, the trial court erred in granting the defendant's MSJ; and (2) the trial court erred in denying the plaintiffs' MSJ wherein the plaintiff contended that, by default, the coverage limits for the policy's liability coverage are also the coverage limits for the UM coverage. For the reasons stated herein, we affirm the judgment of the trial court.

## DISCUSSION

This appeal presents strictly a question of law. The facts are not in dispute. The sole question is whether the statutory increase in minimum required motor vehicle liability coverage – which became effective after the execution of the coverage selection form – caused the renewal of the policy to constitute the issuance of a "new policy" within the meaning of that phrase as used in La. R.S. 22:1295(1)(a).

**Motion for summary judgment**

After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 (A)(3).  The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written

---

[1] Katherine McManus, a named insured on the policy, selected UMBI coverage limit of $10,000 each person, $20,000 each accident, lower than the policy's liability limit of $50,000 each person, $100,000 each accident.

2

stipulations, and admissions. La. C.C.P. art. 966(A)(4). Furthermore, the court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made. La. C.C.P. art. 966(D)(2).

An appellate court reviews a trial court's granting of summary judgment *de novo* under the same criteria that govern the trial court's decision on the motion. *McDonald v. PNK (Bossier City), LLC*, 53,561 (La. App. 2 Cir. 9/23/20), 304 So. 3d 143, *writ denied*, 20-01416 (La. 2/9/21), 310 So. 3d 179.

**Statutory interpretation**

"As with the interpretation of any statute, the only question is the expressed intent of the legislature." *Leisure Recreation & Ent., Inc. v. First Guar. Bank*, 21-00838 (La. 3/25/22), 339 So.3d 508. (emphasis added). "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." La. C.C. art. 9. There is an even stronger admonition against judicial rewriting of legislation in the revised statutes: "[w]hen the wording of a Section is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit." La. R.S. 1:4. We turn to the controlling insurance statutes with these precepts in mind.

**Controlling insurance statutes**

La. R.S. 22:1295(1)(a) sets forth, in pertinent part, the following provisions governing issuance of uninsured motorist coverage:

> (i) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in

3

this state…unless [uninsured motorist] coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy…however, the coverage required under this Section is not applicable when any insured named in the policy…selects lower limits…in the manner provided in Item (1)(a)(ii) of this Section. In no event shall the policy limits of an uninsured motorist policy be less than the minimum liability limits required under R.S. 32:900…Such coverage need not be provided in or supplemental to a renewal, reinstatement, or substitute policy when the named insured has… selected lower limits in connection with a policy previously issued to him by the same insurer or any of its affiliates…

(ii) Such …selection of lower limits…shall be made only on a form prescribed by the commissioner of insurance. The prescribed form shall be provided by the insurer and signed by the named insured or his legal representative…*The form signed by the insured or his legal representative which initially…selects lower limits…shall remain valid for the life of the policy and shall not require the completion of a new selection form when a renewal, reinstatement, substitute, or amended policy is issued to the same named insured by the same insurer or any of its affiliates.* An insured may change the original uninsured motorist selection or rejection on a policy at any time during the life of the policy by submitting a new uninsured motorist selection form to the insurer on the form prescribed by the commissioner of insurance. *Any changes to an existing policy…**except changes in the limits of liability**, do not create a new policy and do not require the completion of new uninsured motorist selection forms*. <u>For the purpose of this Section, a new policy shall mean an original contract of insurance which an insured enters into through the completion of an application on the form required by the insurer.</u> (Emphasis added).

In 2009, La. R.S. 32:900 mandated a minimum coverage of "[$10,000] because of bodily injury to…one person in any one accident." On January 1, 2010, La. R.S. 32:900 increased that mandatory minimum coverage to $15,000.

In *Rashall v. Pennington,* 08-0001 (La. App. 3 Cir. 4/30/08), 982 So. 2d 301, *writ denied,* 08-1543 (La. 10/10/08), 993 So 2d 1286, the court of appeal held that an initial valid rejection of UM coverage is also valid for

renewal, reinstatement or substitute policies. The court granted summary judgment for the insurer.

In this case, the plaintiff relies on the sixth sentence of La. R.S. 22:1295 (1)(a)(ii), italicized above, which states that "[a]ny changes to an existing policy…*except changes in the limits of liability*, do not create a new policy and do not require the completion of new uninsured motorist selection forms." The plaintiff interprets this language, via negative implication, to mean that a change in the limit of liability to an existing policy creates a new policy and requires completion of new uninsured motorist coverage selection forms.[2]

The plaintiff's argument is unequivocally disproved by the very next sentence in La. R.S. 22:1295(1)(a)(ii), underlined above, which provides: "For the purpose of this Section, a new policy shall mean an *original* contract of insurance *which an insured enters into through the completion of an application* on the form required by the insurer." (emphasis added). This language dictates that the statutory increase in minimum liability coverage did not make the subsequent policy renewal the issuance of a "new policy." Thus, the 2009 coverage selection form continued to be effective until the accident in question.

## CONCLUSION

The judgment of the trial court is **AFFIRMED**. All costs of this appeal are assessed to the plaintiff, Donnie McManus.

**AFFIRMED.**

---

[2] The plaintiff further argues that the statutory increase in minimum liability coverage prospectively invalidated the coverage selection, and the UM coverage limits default to the $50,000 per person limit of the policy's liability coverage pursuant to La. R.S. 22:1295(1)(a)(i), *supra.*