PER CURIAM.
 

 _JjThe instant litigation arises from an automobile accident involving a vehicle operated by the plaintiff, Carla Ann Gingles, and owned by her employer, Novartis Corporation (“Novartis”). As a result of the accident, the plaintiff filed a claim with Novartis’s uninsured/underinsured (“UM”) insurer, Ace American Insurance Company (“Ace American”), which denied its policy was triggered on the basis that its insured had rejected UM coverage. Subsequently, the plaintiff filed a motion for summary judgment alleging the UM rejection signed by Novartis lacked the insurance company’s name and, as such, was not “properly completed” as required by La. R.S. 22:608(l)(a)(ii). While the pertinent UM rejection form did not expressly provide for the insurer’s name, the applicable accompanying insurance bulletin promulgated by the Louisiana Insurance Commissioner provided that “[f]or identification purposes, the company name must be placed at the lower left-hand corner ...” La. Bulletin LIRC 98-01. In response, Ace American filed a cross-motion for summary judgment claiming Novartis had validly waived UM coverage by complying with all of the explicit guidelines set forth in
 
 Duncan v. U.S.A.A.,
 
 06-363, p. 12 (La.11/29/06), 950 So.2d 544, 546-547 for a complete rejection of UM coverage. Particularly, Ace American emphasized the
 
 Duncan
 
 guidelines do not mandate the provision of the insurance carrier’s name on the form. After a hearing, the trial court granted summary judgment in favor of Ace American. The plaintiff applied for supervisory |2review of this ruling. The court of appeal reversed, finding the UM waiver invalid. Ace American’s writ application to this court followed.
 

 The sole issue presented for our consideration is whether Novartis validly rejected UM coverage. In
 
 Duncan, supra,
 
 we enumerated six requirements for a compliant UM rejection form:
 

 
 *800
 
 Before we determine whether the statute requires that all aspects of the form be complied with, let us now consider what the prescribed form entails. Essentially, the prescribed form involves six tasks: (1) initialing the selection or rejection of coverage chosen; (2) if limits lower than the policy limits are chosen (available in options 2 and 4), then filling in the amount of coverage selected for each person and each accident; (3) printing the name of the named insured or legal representative; (4) signing the name of the named insured or legal representative; (5) filling in the policy number; and (6) filling in the date.
 

 Id.,
 
 p. 12, 950 So.2d at 546-547.
 

 It is undisputed that the pertinent designated spaces on the form were filled out. Additionally, the form at issue in these proceedings satisfies all of the requirements of our opinion in
 
 Duncan.
 
 Under these circumstances, we find Ace American has established it is entitled to judgment as a matter of law. The court of appeal erred in holding otherwise. Accordingly, the writ is granted. The judgment of the court of appeal is reversed, and summary judgment is rendered in favor of Ace American.
 

 JOHNSON and KNOLL, JJ., dissent and would deny the writ.
 

 WEIMER, J., would grant and docket.