MOORE, J.
 

 hAce American Insurance seeks supervisory review of a summary judgment which found that its insured, American Medical Response, d/b/a Metro Ambulance, did not validly reject UM coverage. We grant the writ and make it peremptory, reverse the summary judgment in favor of the plaintiffs and enter a summary judgment in favor of Ace.
 

 Jimmy Keen was being transported by a Metro Ambulance going south on La. 148 (White’s Ferry Road/North 7th Street) near its intersection with Arkansas Road in West Monroe. Rhoda Ashley was driving her Kia west on Arkansas Road and apparently ran the stop light; she collided with the ambulance, injuring Keen. Keen’s wife witnessed the accident.
 

 The Keens sued Ashley and her liability carrier, Allstate; their own UM carrier, Farmers Insurance Exchange; and Metro Ambulance and its UM carrier, Ace. The Keens settled with Ashley and Allstate, reserving all rights against all other parties.
 

 Ace denied liability on grounds that its insured, Metro Ambulance, rejected UM coverage; it filed a motion for summary judgment to that effect. The Keens responded with a cross motion for summary judgment, seeking to declare the UM waiver invalid.
 

 The summary judgment evidence showed that Metro Ambulance’s Vice-President for Safety and Risk executed forms rejecting both bodily injury and property damage UM coverage. The coverage forms, issued by the Commissioner of Insurance, correctly listed all coverage options; contained spaces, properly filled out, for the insured’s name and signature, policy number and date; and showed the vice-president’s initials next to the |2rejection option. The forms had, however, no space for the
 
 insurer’s name.
 
 The forms also stated, in a header, “This form was promulgated pursuant to LRS 23 § 1406 D. (l)(a)(ii). This form may not be
 
 *989
 
 altered or modified.” A bulletin from the Louisiana Insurance Rating Commission dated August 7, 1998 (LIRC 98-03), stated (among many other things), “The company name must be placed at the lower left-hand corner of the UM Form.”
 

 Ace acknowledged that the UM coverage form, promulgated by the commissioner, did not comply with LIRC 98-03, but because of the prohibition against altering or modifying it, there was nothing else Ace could do. Ace argued that the coverage form met all the requirements of the statute, La. R.S. 22:680(l)(a)(ii); that it was attached to the body of the policy, obviating any chance of confusion; and that the supreme court was taking a more flexible approach to UM rejections, as in Carter
 
 v. State Farm,
 
 2007-1294 (La.10/5/07), 964 So.2d 375. In
 
 Canter,
 
 the court held that failure to write the policy number on the UM coverage form did not invalidate the rejection if the policy number was unavailable at the time.
 

 The Keens argued the older jurisprudence requiring the strictest construction of UM waivers, from the early case of
 
 Roger v. Estate of Moulton,
 
 513 So.2d 1126 (La.1987), to the six-point checklist in
 
 Duncan v. USAA Ins. Co.,
 
 2006-0363 (La.11/29/06), 950 So.2d 544, and the more recent dictum that “rote completion of the six tasks” did not necessarily satisfy all requirements for a valid waiver.
 
 Gray v. American National Prop. & Cas.,
 
 2007-1670 (La.2/26/08), 977 So.2d 839. The Keens argued that Metro Ambulance’s rejection could not be valid because it failed to 1 :isatisfy LIRC 98-03.
 

 In a memorandum opinion, the district court agreed with the Keens, finding that “the policy number does little to identify the policy without knowing the name of the insurance company holding the policy” and “Ace should have been aware of the need to place the company name on the form.” The court therefore denied Ace’s motion and granted the Keens’, in effect declaring the UM rejection invalid.
 

 Ace applied for supervisory review. Out of abundant caution, it also took an appeal.
 

 After the district court rendered this judgment, the supreme court addressed the issue in
 
 Gingles v. Dardenne,
 
 2008-2995 (La.3/13/09), 4 So.3d 799. The per curiam opinion in
 
 Gingles
 
 held that despite LIRC 98-03, the commissioner’s failure to include a space for the insurer’s name on the UM coverage form did not invalidate the rejection.
 

 Gingles
 
 is perfectly apposite to this case. The parties do not dispute that Ace used the UM coverage form promulgated by the commissioner, that it complied with every requirement of R.S. 22:680(l)(a)(ii), and that Metro Ambulance’s designated officer filled it out correctly with a rejection of UM coverage. The only deficiency was that the form failed to comply with an internal regulation, LIRC 98-03, which the Insurance Rating Commission itself apparently disregarded in preparing the coverage form. Under
 
 Gingles,
 
 this is of no moment given the otherwise full compliance with the statute.
 

 |4For these reasons, we grant the writ and make it peremptory. The summary judgment in favor of the Keens is reversed, and the motion for summary judgment filed by Ace American Insurance is granted, dismissing them from the suit. All costs are to be paid by Jimmy and Janis Keen and their insurer, Farmers Insurance Exchange.
 

 WRIT GRANTED AND MADE PEREMPTORY. SUMMARY JUDGMENT IN FAVOR OF PLAINTIFFS IS REVERSED; MOTION FOR SUMMARY JUDGMENT OF ACE AMERICAN INSURANCE IS GRANTED.