PER CURIAM.
| fin this matter, we are called upon to decide whether a rejection of uninsured motorist (“UM”) coverage is valid, where the insured fails to initial the selection on the form rejecting UM coverage prior to signing it, but later initials the form prior to the accident at issue.
In Duncan v. U.S.A.A. Ins. Co., 06-0363 (La.11/29/06), 950 So.2d 544, we identified six tasks the insured must perform for the UM rejection to be valid, one of which is “initialing the selection or rejection of coverage chosen.” Although Duncan did not address the timing of the completion of the six tasks, that issue was addressed in Gray v. American National Property & Cas. Co., 07-1670 (La.2/26/08), 977 So.2d 839. In contrast to the instant case, Gray involved a situation in which the UM selection form was initialed and signed in blank by a representative of the insured, and subsequently completed and backdated by an insurance agency employee. In finding the rejection to be invalid, we held the six tasks must be completed before the UM selection form is signed by the insured, such that the signature of the insured or the insured’s representative signifies an acceptance of, and agreement with, all of the information contained on the form. We observed that the insurer, not the insured, has the responsibility of assuring the form was properly completed, and noted “once the incomplete form was received from [the insured], nothing prevented the agent 12from returning the form [to the insured’s representative] with instructions for properly completing the form.” 07-1670 at 16, 977 So.2d at 850.
In the instant case, it is undisputed the insured’s representative attempted to complete the required tasks to reject UM coverage, but mistakenly failed to initial the line rejecting UM coverage at the time he returned the form to the insurer. Consistent with our suggestion in Gray, the insurer returned the incomplete form to the insured’s representative. The insured’s *96 representative then initialed the line rejecting UM coverage and returned the form to the insurer, thereby confirming an acceptance of, and agreement with, all of the information contained on the form. Although the exact date of the initialing is unclear, the evidence presented by relator establishes it occurred prior to the subject accident. Therefore, the rejection of UM coverage is valid.
Accordingly, the writ is granted. The judgment of the district court is reversed, and relator’s motion for summary judgment is granted.
KNOLL, J., dissents with reasons.