STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

21-165


VIRGIL "BUZ" REID AND ELIZABETH GUIDRY

VERSUS

VALERIE DAWN FALL, ET AL.



**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20181104
HONORABLE MARILYN C. CASTLE, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Elizabeth A. Pickett, John E. Conery, and Candyce G. Perret, Judges.


REVERSED AND REMANDED.



Katherine P. Martin
Gretchen Heider Mayard
Martin Mayard, LLC
P. O. Box 81338
Lafayette, LA 70598-1338
(337) 291-2440
COUNSEL FOR DEFENDANT-APPELLANT:
       State Farm Mutual Automobile Insurance Co.

**James H. Domengeaux**
**Domengeaux Wright Roy & Edwards**
**P. O. Box 3668**
**Lafayette, LA 70502-3668**
**(337) 233-3033**
**COUNSEL FOR PLAINTIFFS-APPELLEES:**
    **Virgil "Buz" Reid**
    **Elizabeth Guidry**

**Patricia J. Delpit**
**Johnson, Rahman & Thomas**
**P. O. Box 98001**
**Baton Rouge, LA 70898-8001**
**(225) 231-0899**
**COUNSEL FOR INTERVENOR-APPELLEE:**
    **Louisiana Workers' Compensation Corp.**

**James T. Rivera**
**Bryan D. Scofield**
**Jessica W. Marchard**
**Scofield & Rivera, LLC**
**P. O. Box 4422**
**Lafayette, LA 70502**
**(337) 235-5353**
**COUNSEL FOR DEFENDANT-APPELLEE:**
    **Imperium Insurance Company**

**Thomas Richard Temple, Jr.**
**Druit G. Gremillion, Jr.**
**Breazeale, Sachse & Wilson, LLP**
**P. O. Box 3197**
**Baton Rouge, LA 70821**
**(225) 387-4000**
**COUNSEL FOR DEFENDANT-APPELLEE:**
    **McGriff Insurance Services, Inc.**

**PICKETT, Judge.**

State Farm Mutual Automobile Insurance Company appeals a judgment of the trial court finding an Uninsured/Underinsured Motorist Bodily Injury (UMBI) Coverage Form (UM waiver) executed by Glenn Stokes on behalf of Mosquito Control Contractors, Inc. was valid and limited coverage to UMBI economic only (UEO) damages up to the limits of the automobile insurance policy issued by Imperium Insurance Company.

## FACTS

On June 29, 2017, a Kia Forte driven by Valerie Fall collided with a Ford Ranger driven by Virgil Reid. Ms. Fall's vehicle was insured by State Farm. The vehicle driven by Mr. Reid was owned by his employer, Mosquito Control Contractors, Inc. Imperium Insurance Company issued two insurance policies to Mosquito Control on March 17, 2017. The first was an automobile policy with $1,000,000 limits covering the fleet of vehicles owned by Mosquito Control, including the Ford Ranger driven by Mr. Reid. The second was a commercial excess liability policy with $1,000,000 coverage limits.

Mr. Reid and his wife, Elizabeth Guidry, filed a petition for damages naming Ms. Fall, State Farm, and Imperium as defendants. The petition alleges that Ms. Fall was charged with operating her vehicle while intoxicated and was at fault for the collision. It further alleges that Mr. Reid and his wife suffered damages. State Farm was named as defendant both as the insurer of Ms. Fall and as Mr. Reid's UM insurer, based on an automobile liability policy purchased by Mr. Reid personally. Upon State Farm's tendering of the policy limits of Ms. Fall's liability coverage, the trial court signed an order dismissing Ms. Fall and State Farm as liability insurer of Ms. Fall from the suit. The plaintiffs, though, specifically

reserved the right to proceed against State Farm for UM coverage afforded by the insurance policy issued by State Farm to the plaintiffs.

Imperium subsequently filed a third-party demand against the insurance agency who issued the policy to Mosquito Control, McGriff Regions Insurance, Inc. The third-party demand alleges that if the UM waiver form electing UEO damages is held to be invalid, McGriff is liable for the consequences per the agency agreement between McGriff and Imperium. Louisiana Workers' Compensation Commission intervened as the workers' compensation insurer of Mosquito Control to recover benefits paid to Mr. Reid as a result of his on-the-job accident.

Following discovery, State Farm filed a Motion for Partial Summary Judgment alleging that the form executed by Mr. Stokes purporting to select UEO coverage capped at the policy limits of $1,000,000 did not comply with the law. Thus, State Farm argued, both the automobile policy and the excess liability policy issued by Imperium included UM coverage up to $1,000,000 without limitation as to the type of damages, for a total potential exposure of $2,000,000 for Imperium. State Farm argued that the waiver did not comply with the Insurance Department's requirement that all UM waiver forms include the name of the insurer or their logo on the face of the form. State Farm further argues that only one UM waiver form was executed, so that even if it is valid, it cannot serve to waive or alter UM coverage on both Imperium policies.

McGriff filed an Exception of Peremption alleging the claims against it by Imperium were untimely. McGriff also filed a Cross-Motion for Summary Judgment, alleging the UM waiver form executed by Mr. Stokes is valid and effective to select UEO coverage. Imperium likewise filed a Cross-Motion for Summary Judgment, adopting the same arguments as McGriff's summary

2

judgment motion. In its memorandum in support of the motion for summary judgment, Imperium specifically limits its argument to the automobile policy issued to Mosquito Control.

Following a hearing, the trial court granted the motion for summary judgment filed by McGriff and Imperium, finding the UM waiver form selecting UEO coverage valid with respect to the commercial automobile policy. The trial court denied the motion for summary judgment of State Farm to the extent that is sought to have that form ruled invalid. The trial court deferred a decision on whether a UM waiver form was validly executed on the excess liability policy issued by Imperium. The trial court further sustained the exception of peremption filed by McGriff. The trial court further found that "there is no just reason for delay of any review or appeal of the granting of the Cross Motions for Summary Judgment filed by Imperium Insurance Company and McGriff Insurance Services, Inc. f/k/a Regions Insurance, Inc., **THEREFORE, IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this judgment is designated as a final judgment as authorized by La. Code of Civil Procedure Art. 1915."

State Farm now appeals the judgment of the trial court.

## ASSIGNMENTS OF ERROR

State Farm asserts three assignments of error:

1.     The Trial Court erred in finding the UM selection form valid despite the fact:

(1) it violated the Insurance Commissioner's mandate that a UM form "must" contain either the individual company name, the group name or the insurer's logo; and

(2) it did not contain any way to identify the policy to which it was intended to apply, despite the fact that there were two Imperium policies going into effect the following day.

2.     The Trial Court erred in finding a UM selection form which purportedly selected Economic-Only UMBI (UEO) Coverage equal to

3

the liability limits ($1,000,000) applied to the Imperium Auto Policy when:

a. The Auto Declarations page does not reflect the policy provides UEO benefits;

b. The Auto Declarations page does not reflect the policy provides UM limits equal to the liability limits;

c. The Auto Declarations page reflects the policy affords $100,000 in UM coverage;

d. The only form in the Auto policy regarding UM Coverage is entitled "Louisiana Uninsured Motorists Coverage-Bodily Injury" and indicates the policy affords UM Bodily Injury coverage and does not even reference UEO coverage.

3. The trial court erred in failing to hold the Imperium Commercial policy, for which Imperium has admitted no UM form was secured, affords UM benefits equal to the $1 million in liability benefits.

### DISCUSSION

Pursuant to La.Code Civ.P. art. 966(A)(2), the summary judgment procedure is favored and must be construed to accomplish its purpose of "the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969." Article 966(A)(3) further provides that the "motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." When the issue presented by the motion for summary judgment is one on which the movant will bear the burden of proof at trial, the burden of showing that there is no genuine issue of material fact is on the moving party. La.Code Civ.P. art. 966(D)(1). The adverse party must then "produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Id.* A court of appeal reviews summary judgments

4

de novo, using the same standard used by the trial court. *Higgins v. La. Farm Bureau Cas. Ins. Co.*, 20-1094 (La. 3/24/2021), 315 So.3d 838.

In this case, Imperium bears the burden of proving that Mosquito Control executed a valid form selecting lower UM limits. *Gray v. American Nat'l Prop. & Cas. Co.*, 07-1670 (La. 2/26/08), 977 So.2d 839. Every policy of automobile liability insurance issued in Louisiana includes coverage for uninsured motorist coverage equal to the policy limits of the liability policy. La.R.S. 22:1295. A purchaser of insurance may reject UM coverage, choose lower limits of coverage, or select economic-only coverage. "Such rejection, selection of lower limits, or selection of economic-only coverage shall be made only on a form prescribed by the commissioner of insurance. The prescribed form shall be provided by the insurer and signed by the named insured or his legal representative." La.R.S. 22:1295(1)(a)(ii). "A properly completed and signed form creates a rebuttable presumption that the insured knowingly rejected coverage, selected a lower limit, or selected economic-only coverage." *Id.*

In *Duncan v. U.S.A.A. Insurance Co.,* 06-363, p. 11-12 (La. 11/29/06), 950 So.2d 544, 551, the supreme court enumerated six requirements for a UM waiver form to be validly executed:

> Before we determine whether the statute requires that all aspects of the form be complied with, let us now consider what the prescribed form entails. Essentially, the prescribed form involves six tasks: (1) initialing the selection or rejection of coverage chosen; (2) if limits lower than the policy limits are chosen (available in options 2 and 4), then filling in the amount of coverage selected for each person and each accident; (3) printing the name of the named insured or legal representative; (4) signing the name of the named insured or legal representative; (5) filling in the policy number; and (6) filling in the date.

The UM waiver in this case executed by Glenn Stokes, the representative of Mosquito Control, is challenged by State Farm for two reasons: it fails to include

the policy number of the underlying policy and it does not include the name or logo of the insurer. The uncontested facts presented at the summary judgment proceeding show that the policy number was not available at the time Mr. Stokes signed the UM waiver. The supreme court has held that if the policy number does not exist at the time the form was signed, the number is not required on the form per the Commissioner of Insurance's regulations. *Carter v. State Farm Mut. Auto. Ins. Co.*, 07-1294 (La. 10/5/07), 964 So.2d 375.

While the regulations issued by the Commissioner of Insurance in La. Bulletin LIRC 98-01 required that the insurer's name appear at the lower left-hand corner of the form, the supreme court in *Duncan* did not include the insurer's name as one of the six requirements for a validly executed UM waiver. In *Gingles v. Dardenne*, 08-2995 (La. 3/13/09), 4 So.3d 799, the supreme court reversed this court and held that the insurer's name is not required on a UM waiver form. In so doing, it held that all "the pertinent designated spaces on the form were filled out." *Id.*, at 800. State Farm argues that the Commissioner of Insurance issued new regulations in LDOI Bulletin No. 08-02, including the promulgation of a new form which included a blank for the name or logo of the insurance company. On the form signed by Mr. Stokes, labeled as "Issued per LDOI Bulletin 08-02 08/29/08," on the bottom left are two text boxes. In the space previously designated for a policy number, the box reads:

| <Optional Information for Policy Identification Purposes Only> |
|---|

Immediately below the first box appears the following:

| <Individual Company Name, Group Name, and/or Logo> |
|---|

6

This court recently held in *Hart v. Mabou*, 21-28 (La.App. 3 Cir. 6/23/21), ___ So.3d ___, that the insurer's name, logo, or group name must be included on a UM rejection for the form to be valid. In that case, this court found that the insured validly rejected UM coverage in an application for a commercial automobile policy in 2016. This court found that whether the 2019 policy was a renewal or a new policy, the insurer's submission of a new UM waiver at that time for the insured to sign must comply with the LDOI Bulletin 08-02. Because the UM rejection form signed in 2019 and attached to the policy did not include the insurer's name, logo, or group name, the rejection of UM coverage was invalid. *Id.*, citing *Barras v. Cardinal Services*, 19-530 (La.App. 3 Cir. 4/1/20), 297 So.3d 877, *writ denied*, 20-978 (La. 11/4/20), 303 So.3d 631.

State Farm further argues that because two Imperium policies were issued on the same day, the form is ambiguous since it does not indicate for which policy the form was issued. At the hearing in the court below, Imperium conceded that one UM waiver form could not be used to waive or lower UM coverage on two different policies. State Farm claims, though, that if the form does not indicate which policy the UM waiver form applied to, it should apply to neither. State Farm also points out that the declarations page for the Imperium automobile policy indicates UM coverage with $100,000 limits, the UM waiver form indicates UEO coverage for the policy limits. Imperium conceded at argument in the court below that the higher limits would necessarily apply.

"Ambiguous policy provisions are generally construed against the insurer and in favor of coverage." *Cadwallader v. Allstate Ins. Co.*, 02-1637, p. 4 (La. 6/27/03), 848 So. 2d 577, 580. While a policy number is not necessary for a UM waiver to be valid, there must be some indication that the UM waiver is applicable to a specific policy of insurance. Because the declarations page for the automobile

7

policy indicates completely different UM coverage than the UM waiver executed by Mr. Stokes, we find the UM waiver is necessarily ambiguous because it cannot be linked to the automobile policy. This ambiguity is compounded by the issuance of two different insurance policies on the same date.

Therefore, we find the UM waiver did not validly waive UM coverage or select lower limits of UM coverage or UEO coverage on the Imperium automobile policy. The judgment of the trial court is reversed, and we hereby grant summary judgment in favor of State Farm and find there is no valid waiver of UM coverage on the automobile policy issued by Imperium. Thus, we find the Imperium policy affords full UM coverage equal to the liability limits of the policy.

Finally, State Farm argues that this court should issue a ruling finding there is no valid UM waiver associated with the excess liability coverage. This court did determine that the insurer's name, logo, or group name is required for a UM waiver to be valid in *Hart*, ___ So.3d ___, and *Barras*, 297 So.3d 877. While the trial court deferred a ruling on this issue, all parties agreed that a single UM waiver could not operate to waive UM coverage for two different policies. Thus, the evidence adduced at the hearing on the cross-motions for summary judgment clearly indicates that the trial court in effect denied the motion for summary judgment filed by State Farm, which sought a finding that UM coverage existed for both the automobile and the excess policies issued by Imperium. Because we find the UM waiver is invalid entirely, we hereby grant in full the motion for summary judgment filed by State Farm and find UM coverage to the full policy limits of the excess policy.

## CONCLUSION

The judgment of the trial court granting summary judgment in favor of Imperium and finding a valid selection of lower UM coverage is reversed. Summary judgment is entered in favor of State Farm holding that the UM waiver form executed by Mr. Stokes is invalid with respect to both the Imperium automobile policy and excess policy. The case is remanded for further proceedings consistent with this opinion. Costs of this appeal are taxed against the appellee, Imperium Insurance Company.

**REVERSED, RENDERED, AND REMANDED.**