# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 21-430

**JUDY MEZIERE**

**VERSUS**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., ET AL.**

**\*\*\*\*\*\*\*\*\*\***
ON APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. 88,800
HONORABLE DESIREE DUHON DYESS, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***
**JONATHAN W. PERRY**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Elizabeth A. Pickett, Jonathan W. Perry, and Sharon Darville Wilson, Judges.

**REVERSED AND REMANDED.**

Edwin Dunahoe
Dunahoe Law Firm
402 Second Street
Natchitoches, Louisiana 71457
(318) 352-1999
**COUNSEL FOR PLAINTIFF-APPELLANT**:
    Judy Meziere

James R. Nieset, Jr.
Colin T. Ryan
Porteous, Hainkel & Johnson, L.L.P.
704 Carondelet Street
New Orleans, Louisiana 70130-3774
(504) 581-3838
**COUNSEL FOR DEFENDANT-APPELLEE**:
    Travelers Indemnity Company

**PERRY, Judge.**

In this uninsured motorist case, Judy Meziere ("Meziere") appeals from a judgment of the trial court which granted summary judgment in favor of Travelers Indemnity Company ("Travelers") on the grounds that Coca-Cola Bottling Company ("Coca-Cola"), Meziere's employer, validly rejected uninsured motorist coverage on an automobile policy issued to it. We reverse and remand.

### FACTS AND PROCEDURAL HISTORY

On December 10, 2015, Meziere was rear-ended by a vehicle operated by Nicholas McCart ("McCart") as she proceeded westerly on University Parkway in Natchitoches. Initially, Meziere sued State Farm Mutual Automobile Insurance Company, McCart's automobile liability insurer, and Geico General Insurance Company, her uninsured motorist carrier. Subsequently, Meziere, alleging that she was in the course and scope of her employment with Coca-Cola, amended her petition to add Travelers as a party defendant; Travelers was the alleged liability and uninsured motorist carrier of Coca-Cola.

After Travelers answered Meziere's petition for damages and conducted discovery, it filed a motion for summary judgment, urging, among other things,[1] that its policy did not provide uninsured motorist coverage because Coca-Cola had validly rejected such coverage on UM rejection forms in 2014 and 2015. Meziere opposed Travelers's motion for summary judgment, contending that Coca-Cola had not validly rejected uninsured motorist coverage on either the 2014 UM rejection form or that of 2015 because neither form met the requirements set by the Louisiana Commissioner of Insurance.

---

[1] In its motion for summary judgment, Travelers also urged in the trial court that even if uninsured motorist coverage was not validly rejected, Meziere did not meet the definition of an uninsured for liability purposes. Thus, Travelers argued that Meziere was not insured for liability purposes as she was not using her vehicle in the business affairs of her employment at the time of the accident. The trial court pretermitted consideration of these issues, and Travelers has neither urged nor briefed these issues to this court.

After taking the matter under advisement, the trial court granted Travelers's motion for summary judgment and issued written reasons which state in part:

> Because the 2014 and 2015 subject waivers meet the requirements of La.R.S. 22:1295, . . . meets all of the requirements of *Duncan [v. U.S.A.A. Ins. Co.*, 06-363 (La. 11/29/06), 950 So.2d 544], and as such contains all essential information to accurately identify the applicable policy at issue, this court finds they are valid and enforceable. The purpose of requiring the UM waiver to be clear and unmistakable is to establish that the insured knowingly waived coverage under a particular policy. In this case, the forms executed by [Coca-Cola] herein complies with the formal requirements of law in that there is a clear rejection of UM coverage, the forms are signed and dated by the legal representative with his name printed thereunder.

Thus, the trial court deemed the uninsured motorist coverage had been validly rejected and dismissed Meziere's suit against Travelers. This appeal followed.

Meziere submits that the trial court legally erred when it ruled that Coca-Cola had properly and validly rejected uninsured motorist coverage on the Travelers's policy of insurance.

## LAW AND DISCUSSION

*Summary Judgment*

A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with any affidavits admitted for purposes of the motion for summary judgment, show there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(A)(3). On a motion for summary judgment, if the issue before the court is one on which the party bringing the motion will bear the burden of proof at trial, the burden of showing that there is no genuine issue of material fact is on the party bringing the motion. La.Code Civ.P. art. 966(D)(1); *Hart v. Mabou*, 21-28 (La.App. 3 Cir. 6/23/21), 323 So.3d 939, *writ denied*, 21-1479 (La. 12/21/21), ---So.3d---. On appeal, in determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that governs the trial court's determination of whether summary judgment is appropriate. *Id.*

2

An insurer seeking to avoid coverage through summary judgment bears the burden of proving that some provision or exclusion applies to preclude coverage. *Halphen v. Borja*, 06–1465 (La.App. 1 Cir. 5/4/07), 961 So.2d 1201, *writ denied*, 07–1198 (La. 9/21/07), 964 So.2d 338. "The issue of whether an insurance policy, as a matter of law, provides or precludes coverage is a dispute that can be resolved properly within the framework of a motion for summary judgment." *Green v. State Farm Mut. Auto. Ins. Co.*, 07-94, p. 3 (La.App. 1 Cir. 11/2/07), 978 So.2d 912, 914, *writ denied*, 08-074 (La. 3/7/08), 977 So.2d 917. "Summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage could be afforded." *Reynolds v. Select Prop., Ltd.*, 93-1480 (La. 4/11/94), 634 So.2d 1180, 1183.

*Rejection of UM Coverage*

Louisiana Revised Statutes 22:1295(1)(a)(i) provides that no policy of automobile liability insurance "shall be delivered or issued for delivery in this state" without UM coverage. However, UM coverage "is not applicable when any insured named in the policy either rejects coverage, selects lower limits, or selects economic-only coverage in the manner provided in [La.R.S. 22:1295(1)(a)(ii)]." Louisiana Revised Statutes 22:1295(1)(a)(ii) further provides that the "rejection, selection of lower limits, or selection of economic-only [UM] coverage shall be made only on a form prescribed by the commissioner of insurance" and that "[a] properly completed and signed form creates a rebuttable presumption that the insured knowingly rejected [UM] coverage[.]" In addition, La.R.S. 22:1295(1)(a)(ii) provides that the form signed by the insured

> which initially rejects coverage, selects lower limits, or selects economic-only coverage shall remain valid for the life of the policy and shall not require the completion of a new selection form when a

renewal, reinstatement, substitute, or amended policy is issued to the same named insured by the same insurer[;]". . . An insured may change the original [UM] selection or rejection on a policy at any time during the life of the policy by submitting a new [UM] selection form to the insurer on the form prescribed by the commissioner of insurance.

Under La.R.S. 22:1295, UM coverage is an implied amendment to any automobile liability policy, even when not expressly addressed, as UM coverage will be read into the policy unless validly rejected. *See Duncan*, 950 So.2d 544. The object of UM insurance is to provide full recovery for automobile accident victims who suffer damages caused by a tortfeasor who is not covered by adequate liability insurance. *Id.* The UM statute is to be liberally construed, and thus, exceptions to coverage are to be interpreted strictly. Any exclusion from coverage in an insurance policy must be clear and unmistakable, and the insurer bears the burden of proving any insured named in the policy rejected in writing the coverage equal to bodily injury coverage or selected lower limits. *Id.*

Therefore, on the motion for summary judgment, it was Travelers's burden of proof to establish that it had a properly completed and signed UM coverage selection form, as prescribed by the commissioner of insurance, in which the named insured in the policy knowingly rejected such coverage. To meet that burden, Travelers relied upon UM election forms which John Costanzo, the authorized representative of Coca-Cola, signed and initialed on November 20, 2014, and another in conjunction with a renewal of the policy on December 3, 2015; in each of those documents Coca-Cola rejected UM coverage.

In opposition to Travelers's motion for summary judgment, Meziere makes two assertions. First, she contends that Travelers utilized a form on November 20, 2014, other than that mandated by the Louisiana Commissioner of Insurance. Secondly, she further argues that although Travelers utilized the mandated form when the policy was renewed on December 3, 2015, it failed to complete the form;

4

in particular, she points out that the lower box of the mandated form failed to contain either the individual company name, the group name, or the insurer's logo.

Addressing Meziere's arguments, Travelers contends that notwithstanding any deficiencies in the UM rejection forms it utilized, Meziere ignores that the tasks prescribed for properly completing a UM waiver recognized in *Duncan* were met in the present case.[2] Meziere counters that Travelers's reliance on *Duncan* is misplaced because Louisiana Department of Insurance ("LDOI") Bulletin No. 08-02 mandated that as of January 1, 2010, all UM selection/rejections for new policies "shall be executed on the revised UM form issued with LDOI Bulletin No. 08-02." Thus, Meziere contends that LDOI Bulletin No. 08-02 modified *Duncan* to this extent.

Commenting on *Duncan* and its impact on UM waivers, this court in *Stone v. Allstate Prop. & Cas. Ins. Co.*, 18-547, 18-763, pp. 2-3 (La.App. 3 Cir. 3/7/19), 269 So.3d 961, 963 stated:

> Whole forests have been felled to publish the myriad cases discussing whether UM waivers are valid. In *Duncan . . .*, the Louisiana Supreme Court conducted an exhaustive examination of the legislature's struggles to address the toll this issue has taken on the legal and physical environment of the State; and this case will not restate that effort. The key point in *Duncan* is the conclusion drawn by the supreme court: the legislature ceded to the Insurance Commissioner the responsibility to formulate a uniform UM rejection/selection form, and "Pursuant to that mandate, compliance with the form prescribed by the commissioner of insurance is necessary for the UM waiver to be valid." *Id.* at 553. Post-*Duncan*, the focus of courts was not to be on the intent of the parties, i.e., whether the insured knowingly rejected UM, but on compliance with formal requirements.

---

[2] Those tasks are described in *Duncan,* 950 So.2d at 551, as follows:

> (1) initialing the selection or rejection of coverage chosen; (2) if limits lower than the policy limits are chosen (available in options 2 and 4), then filling in the amount of coverage selected for each person and each accident; (3) printing the name of the named insured or legal representative; (4) signing the name of the named insured or legal representative; (5) filling in the policy number; and (6) filling in the date.

LDOI Bulletin 08-02 issued post-*Duncan* removed the need for filling in the policy number on the rejection form.

5

*See also Hart*, 323 So.3d 939; *Barras v. Cardinal Servs., LLC*, 19-530 (La.App. 3 Cir. 4/1/20), 297 So.3d 877, *writ denied*, 20-978 (La. 11/4/20), 303 So.3d 631; *Higginbotham v. USAgencies Cas. Ins. Co., Inc.*, 17-491, 17-497, p. 11 (La.App. 3 Cir. 6/13/18), 247 So.3d 916, 923, *writ denied*, 18-1217 (La. 10/29/18), 254 So.3d 1213 (holding that "[t]he intent of the parties is quite simply irrelevant where a UM form does not meet the requirements of Louisiana law[.]").

*The 2014 UM Waiver*

Our review of the 2014 UM waiver shows that although the form Travelers utilized may meet the *Duncan* requirements, it is equally clear that the form is not the one promulgated and mandated in LDOI Bulletin No. 08-02. In its reasons for judgment, the trial court stated:

> Plaintiff argues that the subject 2014 waiver form was not the most current form issued by the Louisiana Commissioner of Insurance. That notwithstanding, the form nonetheless meets the *statutory* requirements of La.R.S. 22:1295(1)(a)(ii): the subject form is "a form prescribed by the commissioner of insurance" and it was "signed by the named insurer or his legal representative."

Respectfully, we find the trial court erred in this determination. It overlooks the statutory requirements of La.R.S. 22:1295(1)(a)(ii) and the purpose for the promulgation of LDOI Bulletin 08-02.

"In directing the commissioner of insurance to prescribe a form, the legislature gave the commissioner the authority to determine what the form would require." *Duncan*, 950 So.2d at 552. "Pursuant to that mandate, *compliance with the form prescribed by the commissioner of insurance is necessary for the UM waiver to be valid*. The insurer cannot rely on the insured's intent to waive UM coverage to cure a defect in the form of the waiver." *Id.* at 553 (emphasis added).

"On August 28, 2008, the Commissioner of Insurance, (Commissioner) had promulgated LDOI Bulletin No. 08-02, which included a revised UM waiver form that became mandatory on or after January 1, 2010." *Weems v. Houston Specialty*

6

*Ins. Co.*, 17-14, p. 2 (La.App. 3 Cir. 5/17/17), 222 So.3d 728, 729-30, *writ denied*, 17-1038 (La. 10/9/17), 227 So.3d 836. As observed in *Hart*, 323 So.3d at 942: "[t]his form was promulgated by the Louisiana Commissioner of Insurance as the State's official required form." More particularly, LDOI Bulletin 08-02 (emphasis added) stated in no uncertain terms, "The Commissioner hereby gives notice that all property and casualty insurers writing automobile liability insurance in Louisiana *shall be required to use the **revised UM form***[.]"

As the Commissioner explained in LDOI Bulletin No. 08-02 (emphasis added), "[w]hen properly completed and signed by the named insured or his legal representative, *this UM form* shall be conclusively presumed to become part of the policy or insurance contract when issued and delivered." It is well accepted that "the word 'shall' excludes the possibility of being 'optional' or even subject to 'discretion', but instead 'shall' means 'imperative, of similar effect and import with the word must." *Louisiana Fed'n of Teachers v. State*, 13-120 (La. 5/7/13), 118 So.3d 1033, 1051. *See also* La.R.S. 1:3, "The word 'shall' is mandatory and the word 'may' is permissive."

Travelers provided the UM form to Coca-Cola. As an insurer providing automobile liability insurance, Travelers should have been aware of La.R.S. 22:1295 and the necessity to utilize the newly revised mandatory UM waiver form referenced in LDOI Bulletin No. 08-02. Thus, it was incumbent on Travelers to not only make certain Coca-Cola made the proper selections but, more importantly, to provide Coca-Cola with the proper, mandated UM waiver form. *See Gray v. Am. Nat. Prop. & Cas. Co.*, 07-1670, pp. 15-16 (La. 2/26/08), 977 So.2d 839, 849-50 ("the insurer [has] both the authority and the opportunity to assure that the UM selection form [is] completed properly .... The insurer, not the insured, has the responsibility of assuring that the form is completed properly[.]"); *see also Morrison v. USAA Cas. Ins. Co.*, 12-2334 (La. 1/11/12), 106 So.3d 95.

7

After comparing the form dated November 20, 2014, to the specimen form appended to LDOI Bulletin No. 08-02, a form first promulgated on September 6, 1998, and made mandatory on January 1, 2010, it is evident on de novo review that Travelers failed to provide Coca-Cola with the revised form necessary for the UM waiver to be valid. We find that pursuant to the mandate the legislature gave to the Commissioner of Insurance, "compliance with the form prescribed by the commissioner of insurance is necessary for the UM waiver to be valid." *Duncan*, 950 So.2d at 553. Moreover, "the insurer cannot rely on the insured's intent to waive UM coverage to cure a defect in the form of the waiver." *Id. See also Cadwallader v. Allstate Ins. Co.*, 02-1637, p. 4 (La. 6/27/03), 848 So.2d 577, 580 ("Courts lack the authority to alter the terms of insurance contracts under the guise of contractual interpretation when the policy's provisions are couched in unambiguous terms."); and *Washington v. Savoie*, 92-2957 (La. 4/11/94), 634 So.2d 1176, 1180 ("public policy precludes reformation of . . . UM coverage rejection when the change adversely affects the rights of persons insured under the policy to recover damages under the UM coverage provisions before the change"). Thus, we find on de novo review that the form relied upon by Travelers on November 11, 2014, does not constitute a waiver of UM coverage for failure to utilize the mandated UM waiver form. We now turn our attention to the December 3, 2015, UM rejection form relied upon by Travelers.

*The 2015 UM Waiver*

It is undisputed that Coca-Cola's purported 2015 UM waiver form fails to include either Travelers's company name, group name, and/or logo as mandated in the LDOI Bulletin 08-02. Recently, two reported decisions of this court, *Reid v. Fall*, 21-165 (La.App. 3 Cir. 10/6/21), 323 So.3d 373, and *Hart*, 323 So.3d 939, addressed this very issue. In both cases, this court held that the failure to include the

insurer's name and/or logo on the UM form, as mandated in LDOI Bulletin 08-02, rendered the UM waiver invalid.

In the present case, Travelers does not dispute the failure to include its company name, group name, and/or logo on the UM rejection form relied upon. Rather, Travelers again urges us to uphold that rejection because the factors identified in *Duncan* are present. This we decline to do. On de novo review, even though the form utilized by Travelers basically conforms with the one promulgated by the Commissioner of Insurance, it is abundantly clear that the form utilized by Travelers failed to include Travelers's name, logo, or group name, a required element identified in LDOI Bulletin 08-02. Therefore, we find Coca-Cola's 2015 rejection of UM coverage was invalid. *Reid*, 323 So.3d 373; and *Hart*, 323 So.3d 939.

*Conclusion*

The supreme court has explained that it is the insurer's burden of proving that its insured rejected, in writing, UM coverage or that it selected lower limits. *Gray*, 977 So.2d 839. Having reviewed both UM coverage waivers relied upon by Travelers, for the reasons assigned above, we find that it has failed to carry its burden of proving entitlement to summary judgment.

**DISPOSITION**

For the foregoing reasons, we find the trial court erred when it granted Travelers's motion for summary judgment, and we reverse that ruling. Costs of this appeal are assessed against Travelers Indemnity Company.

**REVERSED AND REMANDED.**

9