WAFAA ELWAKIL

VERSUS

BURLINGTON INSURANCE COMPANY,
GO AUTO INSURANCE COMPANY,
AND YECENIA Y. BARRERA

NO. 22-C-401

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-NINTH JUDICIAL DISTRICT COURT
PARISH OF ST. CHARLES, STATE OF LOUISIANA
NO. 87,549, DIVISION "C"
HONORABLE CONNIE M. AUCOIN, JUDGE PRESIDING


November 17, 2022


**FREDERICKA HOMBERG WICKER**
**JUDGE**


Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Jude G. Gravois


**WRIT GRANTED; MOTION TO STAY TRIAL COURT PROCEEDINGS**
**DENIED AS MOOT**
    **FHW**
    **SMC**
    **JGG**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Alexis Barteet
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/RELATOR,
WAFAA ELWAKIL
 Stephen M. Chouest, Sr.
 J. Rand Smith, Jr.
 Kylie D. Faure

COUNSEL FOR DEFENDANT/RESPONDENT,
THE BURLINGTON INSURANCE COMPANY
 Kristopher T. Wilson
 Shaundra M. Schudmak

COUNSEL FOR DEFENDANT/RESPONDENT,
APPALACHIAN UNDERWRITERS, INC.
 Sean P. Mount
 Anne E. Medo

COUNSEL FOR DEFENDANT/RESPONDENT,
GO AUTO INSURANCE COMPANY
 Michele Trowbridge Barreca
 Nancy L. Cromartie

Wicker, J.

In this writ application, relator-plaintiff Wafaa Elwakil, seeks review of the trial court's denial of her motion for partial summary judgment on the issue of uninsured/underinsured motorists' coverage in connection with an insurance policy issued by The Burlington Insurance Company ("TBIC") to Car Plug, L.L.C., a business alleged to be engaged in the sale of used vehicles. The question presented in this writ application is whether the UM waiver form at issue which does not list the company name or logo as now designated on the prescribed UM form renders the waiver invalid as a matter of law. For the following reasons, we find that the prescribed UM form 08-02, effective January 1, 2010, requires the company name or logo to be placed in the designated box or space provided on the UM form.

On February 18, 2020, plaintiff filed suit against TBIC[1] for damages related to a July 19, 2019 rear-end motor-vehicle accident. Plaintiff was a passenger in the vehicle owned by Car Plug, L.L.C. and driven during a test drive by a customer, Melvin Winans, Jr. The petition further alleged that plaintiff is the owner, managing member, and registered agent for Car Plug, L.L.C. TBIC issued a policy of insurance to Car Plug, L.L.C, effective December 28, 2018, with policy limits in the amount of $300,000 per accident. However, the trial court previously determined that TBIC policy's Salvage Titled Auto Endorsement "is clear and unambiguous and limits any coverage available under the Policy to, at most, $15,000 per person and $30,000 per accident for the July 19, 2019 automobile accident at issue in this case."

On July 28, 2022, this Court denied plaintiff's writ application and found no error in the trial court's granting of TBIC's motion for partial summary judgment finding the "Salvage Titled Auto Endorsement" applicable to limit recovery under the policy. This Court declined to consider the issue of whether UM coverage applied, finding the issue was not properly raised or considered first at the trial court level. On November 1, 2022, the Louisiana Supreme Court denied plaintiff's writ application. *Elwakil v. Burlington Ins. Co.*, 22-01318 (La. 11/2/22), —So.3d —, 2022 WL 16570287.

On March 14, 2022, plaintiff filed a motion for partial summary judgment as to the issue of UM coverage under the TBIC policy. In support of her motion, plaintiff attached the TBIC policy as well as the UM form executed in connection with the policy. The UM form at issue reflects plaintiff's initials rejecting UMBI coverage, as well as her signature and printed full name. The form at issue contains two boxes on the lower left corner of the form, one titled <Optional Information for Policy Identification Purposes Only> and the other titled <Individual Company Name; Group Name; or Logo,> with both boxes left blank.

In support of her motion for partial summary judgment, plaintiff argued that the insurer's failure to complete the designated section of the form for the insurer's company name or logo renders the waiver invalid as a matter of law. In opposition, TBIC contended that the precedent of the Louisiana Supreme Court in *Gingles v. Dardenne*, 08-2995 (La. 3/13/09), 4 So.3d 799 and this Court's holding in *Flores v. Doe*, 08-1259 (La. App. 5 Cir. 6/23/09), 19 So. 3d 1196—which held that the omission of a company name or logo does not render invalid an otherwise complete UM waiver form—is binding. Plaintiff, in response, contended that the cases relied upon by TBIC are not instructive because they considered the issue of

---

[1] Plaintiff also named Yecenia Barras, the defendant-driver involved in the accident and Ms. Barras' insurer, Go Auto Insurance Company.

the omission of a company name or logo on the former prescribed UM form rendered in connection with Louisiana Department of Insurance Bulletin 08-01. Plaintiff asserted that the new prescribed UM form, rendered pursuant to Louisiana Department of Insurance Bulletin 08-02 and effective January 1, 2010, now contains a designated space or box within the form for the company name or logo. Plaintiff argued that the designated space for the company name or logo on the newer prescribed UM form is an additional "required task" necessary to effectuate a valid and complete UM waiver.

On July 13, 2022, the trial court denied plaintiff's motion for partial summary judgment, finding that UM coverage had been properly and effectively waived. In her reasons for judgment, the trial judge found *Gingles* and *Flores* to be binding precedent requiring a finding that the omission of the insurer company's name or logo is not fatal to a valid UM waiver and, thus, plaintiff had validly rejected UM coverage under the policy at issue. Plaintiff subsequently filed the instant writ application seeking review of the trial court's July 13, 2022 denial of her motion for partial summary judgment.

Concerning the general UM statutory structure, the Louisiana Supreme Court has recently stated:

> No automobile liability insurance [policy] ... shall be delivered or issued in ... [Louisiana] unless [UM] coverage is provided." La. R.S. 22:1295(1)(a)(i). However, UM coverage is not required "if any insured named in the policy either rejects coverage, selects lower limits, or selects economic-only coverage, in the manner provided in Item 1(a)(ii) of this Section." *Id.* "Such rejection ... shall be made on a form prescribed by the commissioner of insurance" that is "provided by the insurer and signed by the named insured or his legal representative." La. R.S. 22:1295(1)(a)(ii). Accordingly, "the requirement of UM coverage is an implied amendment to any automobile liability policy ... as UM coverage will be read into the policy unless validly rejected." *Duncan*, 06-0363, p. 4, 950 So.2d at 547. The UM statute is liberally construed such that "[a]ny exclusion from coverage must be clear and unmistakable." *Id.*, 06-0363, pp. 4-5, 950 So.2d at 547. Exclusions are strictly construed and the insurer bears the burden of proving any insured named in the policy rejected, in writing, the UM coverage. *Id.*, 06-0363, p. 5, 950 So.2d at 547.

*Baack v. McIntosh*, 20-01054 (La. 6/30/21), 333 So.3d 1206, 1211–12.

It is incumbent upon the insurer to ensure that the UM waiver form is properly completed. *See Baack*, 333 So.3d at 1213, citing *Gray v. American Nat. Property & Cas. Co.*, 07-1670, pp. 15-16 (La. 2/26/08), 977 So.2d 839, 849-50 ("the insurer [has] both the authority and the opportunity to assure that the UM selection form [is] completed properly .... The insurer, not the insured, has the responsibility of assuring that the form is completed properly."); *see also Morrison v. USAA Cas. Ins. Co.*, 12-2334, pp. 1-2 (La. 1/11/12), 106 So.3d 95, 95-96.

La. R.S. 22:1295 provides that a waiver or rejection of UM insurance "shall be made only on a form prescribed by the commissioner of insurance." The Louisiana Supreme Court has held that in "directing the commissioner of insurance to prescribe a form, the legislature gave the commissioner the authority to determine what the form would require." *Duncan v. U.S.A.A. Ins. Co.*, 06-363 (La.

2

11/29/06), 950 So.2d 544, 552. Compliance with the prescribed form is "necessary for the UM waiver to be valid." *Baack*, 333 So.3d at 1214. The proper completion of the form is required and the parties' intent may not be considered in determining the validity of a UM waiver. *Gray v. Am. Nat. Prop. & Cas. Co.*, 07-1670 (La. 2/26/08), 977 So.2d 839, 849.

A review of Louisiana jurisprudence reflects that the designated tasks provided on the insurance commissioner's prescribed form appear to control the analysis for the determination of the validity of a UM form. In *Duncan v. U.S.A.A. Ins. Co.*, 06-363 (La. 11/29/06), 950 So. 2d 544, 551, the Louisiana Supreme Court examined the requirements for a valid UM waiver and started its analysis with "what the prescribed form entails." *Duncan*, 950 So.2d at 551. The court in *Duncan* examined the applicable UM form prescribed by the commissioner of insurance and found that it outlined six tasks: (1) initialing the selection or rejection of coverage chosen; (2) if limits lower than the policy limits are chosen (available in options 2 and 4), then filling in the amount of coverage selected for each person and each accident; (3) printing the name of the named insured or legal representative; (4) signing the name of the named insured or legal representative; (5) filling in the policy number; and (6) filling in the date. *Duncan*, 950 So.2d at 551.

In *Gingles*, the Louisiana Supreme Court considered a nearly identical issue as the one presented in this writ application—whether the failure to include the company name or logo rendered the UM waiver form invalid as a matter of law. In *Gingles*, the Court considered the validity of the applicable UM form at that time, prescribed by the insurance commissioner pursuant to Bulletin 98-01. In that case, the Louisiana Supreme Court found that although the language provided in Bulletin 98-01 indicated that the insurer's name must appear in the lower left corner of the UM selection form, the *prescribed form* did not include a space for the insurer's name and, thus, failure to include that information on the form was not fatal to the form's validity. In so holding, the Louisiana Supreme Court looked to the required tasks provided on the form and pointed out that, "[i]t is undisputed that the pertinent designated spaces on the form were filled out." *Gingles*, 4 So.3d at 800.[2]

Pursuant to the authority granted under La. R.S. 22:1295(1)(a)(ii), the Commissioner promulgated Bulletin 08-02 together with a revised UM form, effective on or after January 1, 2010. The revised Bulletin 08-02 states the intended purpose of the revised Bulletin and form as follows:

> The purpose of LOOI Bulletin No. 08-02 is to issue the revised UM form. The revision is in response to the myriad of issues that Louisiana courts have recently examined regarding the current UM form, including, but not limited to, what constitutes a properly completed form, what information must be included prior to the insured's signature, policy identification, company identification and backdating. The revised UM form incorporates changes designed to address these issues and assist both insureds and insurers as well as Louisiana courts.

The revised Bulletin 08-02 provides in relevant part:

---

[2] This Court, in *Flores*, relied on *Gingles* and found that the failure to include the company's name or logo did not invalidate the UM waiver form. Again, however, the UM form examined and at issue in *Flores* was the prescribed form under Bulletin 98-01 and did not have a designated space on the form for the company's name or logo at that time.

3

**Important Form Changes**

\* \* \*

• **Policy number and other policy identification information** - The revised UM form includes two boxes on the lower right hand corner of the form.

-The upper box contains an area that the insurer <u>may</u> use for policy information purposes (e.g. policy number, binder number, application number, etc.). This box does not need to be filled in for the form to be properly completed.

-The lower box <u>must</u> contain one of the following: the individual company name, the group name, or the insurer's logo. (Emphasis added).

Thus, the revised prescribed form, effective January 1, 2010, changed the "required tasks" since the *Gingles* decision to include a designated space for the mandatory "<Individual Company Name, Group Name, and/or Logo>" of the insurer. Other Louisiana circuit courts of appeal and federal district courts have found that La. Bulletin 08-02 and the new UM form prescribed by the commissioner of insurance supercedes the prior jurisprudence concerning the required tasks to be completed for an effective UM waiver form. *See Berkley v. Willis*, 20-354 c/w 20-355 (La. App. 4 Cir. 9/29/21), 328 So.3d 567; *Dotson v. Price*, 17-14063 (E.D. La. 6/19/19), 399 F.Supp.3d 617; *Guillory v. Commonwealth Ins. Co. of America*, No. 2:19-CV-01679 (W.D. La. Jan. 15, 2021), 2021 WL 149474; *Meziere v. State Farm Mut. Auto. Ins. Co.*, 21-430 (La. App. 3 Cir. 2/9/22), *reh'g denied* (3/23/22), 2022 WL 390448.

The Fourth Circuit recently considered this issue in *Berkley v. Willis* and held, that the UM form was invalid, because it did not contain the insurer's name, group name, and/or logo on the UM form, as required by Louisiana law, which is consistent with La. R.S. 22:1295(1)(a)(ii) that "selection of lower limits, or selection of economic-only coverage shall be made only on a form prescribed by the commissioner of insurance." *Berkley*, 328 So.3d 567 at 577.[3] The Fourth Circuit further considered other more recent federal jurisprudence—which analyzed a similar issue relating to the required tasks of the updated UM form— and found that "these courts read Bulletin 08-02 as superceding *Gingles*, and we agree."

Upon thorough review of the writ application, attachments thereto, and the applicable jurisprudence, we find that the revised UM form prescribed by the insurance commissioner, LOOI Bulletin No. 08-02, controls and requires that the company's name, group name, or logo be placed within the designated box or space on the prescribed UM form. The executed UM form in connection with the policy at issue did not provide any company name or logo in the designated box and, thus, is an incomplete and invalid waiver. Accordingly, we grant this writ and vacate the July 13, 2022 judgment of the trial court denying plaintiff's motion for

---

[3] The Louisiana Supreme Court has recently granted a writ of *certiorari* in the *Berkley* case and that matter will be docketed.

4

partial summary judgment on the issue of the validity of the UM waiver form executed in connection with the TBIC policy at issue in this case.

Next, in this writ application, plaintiff seeks a judgment finding that the UM coverage in effect provides coverage up to the $300,000.00 policy limits. The trial court has previously determined that TBIC policy's Salvage Titled Auto Endorsement "is clear and unambiguous and limits any coverage available under the Policy to, at most, $15,000 per person and $30,000 per accident for the July 19, 2019 automobile accident at issue in this case." Moreover, both this Court and the Louisiana Supreme Court have denied writs on this issue.

Accordingly, for the reasons provided herein, we grant this writ, vacate the trial court's denial of plaintiff's motion for partial summary judgment, and render judgment granting in part the motion for partial summary judgment—finding that the UM waiver form executed in connection with the TBIC policy at issue is unenforceable and invalid as a matter of law and, further, per the previous judgment on this issue mentioned above, that the TBIC policy at issue provides plaintiff with UM coverage in the amount "at most, [of] $15,000 per person and $30,000 per accident for the July 19, 2019 automobile accident at issue in this case." Further, the Motion to Stay Trial Court Proceedings is denied as moot.

**WRIT GRANTED; MOTION TO STAY TRIAL COURT PROCEEDINGS DENIED AS MOOT**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **NOVEMBER 17, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

# 22-C-401

### E-NOTIFIED

29TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE CONNIE M. AUCOIN (DISTRICT JUDGE)
J. RAND SMITH, JR. (RELATOR)          STEPHEN M. CHOUEST, SR. (RELATOR)     SHAUNDRA M. SCHUDMAK
ANNE E. MEDO (RESPONDENT)             SEAN P. MOUNT (RESPONDENT)            (RESPONDENT)

### MAILED

KYLIE D. FAURE (RELATOR)              KRISTOPHER T. WILSON (RESPONDENT)     MICHELE TROWBRIDGE BARRECA
ATTORNEY AT LAW                       ATTORNEY AT LAW                       (RESPONDENT)
4732 UTICA STREET                     601 POYDRAS STREET                    NANCY L. CROMARTIE (RESPONDENT)
SUITE 100                             SUITE 2775                            ATTORNEYS AT LAW
METAIRIE, LA 70006                    NEW ORLEANS, LA 70130                 704 CARONDELET STREET
                                                                            NEW ORLEANS, LA 70130